Commonwealth *v.* Robinson, Appellant.

Argued January 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*I. Leonard Hoffman,* for appellant.

*Alan J. Davis,* Assistant District Attorney, with him *Roger F. Cox,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 15, 1968:

At a trial which commenced on October 24, 1966, the appellant, Leon Robinson, was convicted by the jury of murder in the first degree and punishment was fixed at life imprisonment. Following denial of post-trial motions, sentence was imposed in accordance with the jury's verdict. This appeal was then filed. We reverse and order a new trial.

At trial Robinson testified in his own defense. Over objection, the Commonwealth was permitted to cross-examine him extensively about a written confession

which he gave to the police during custodial interrogation. The sole purpose of this cross-examination was to impeach the credibility of his trial testimony. On the occasion when the confession was obtained, all of the procedural safeguards required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966) were not employed.[1]

Our recent decision in *Commonwealth v. Padgett*, 428 Pa. 229, 237 A. 2d 209 (1968) is controlling. Under our ruling, therein, a confession which is constitutionally inadmissible as part of the Commonwealth's case in chief, either under *Escobedo*, 378 U.S. 478, 84 S. Ct. 1758 (1964) or under *Miranda v. Arizona*, supra, may not be used at trial *for any purpose.*

While the Commonwealth now concedes that under *Padgett*, supra, the trial use of the confession involved was prejudicial error, in the court below it maintained that the confession could properly be used solely for the purpose of impeachment under *Commonwealth v. Wright*, 415 Pa. 55, 202 A. 2d 79 (1964). In *Wright*, in line with *Walder v. United States*, 347 U.S. 62, 74 S. Ct. 354 (1954), we ruled that evidence seized in violation of the Fourth Amendment may be used under certain circumstances to impeach credibility. *Wright* and *Walder* are inapposite to situations involving violations of the Fifth Amendment which, unlike the Fourth Amendment, is by its terms directed at excluding evidence rather than at deterring the police from

---

[1] Since the trial commenced subsequent to the announcement of the decision in *Miranda v. Arizona*, supra, the confession is constitutionally inadmissible, *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966). Ironically, the crime involved occurred on September 3, 1965, and if Robinson's trial had commenced prior to June 13, 1966, the date of the *Miranda* decision, the evidentiary use of the confession would not be constitutionally proscribed since all of the warnings of constitutional rights required by *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964) were given.

official misconduct. The use of a confession obtained under circumstances violative of the Fifth Amendment for impeachment purposes is as much a violation of the privilege against self-incrimination as is its use during the Commonwealth's case in chief.

Judgment reversed and new trial ordered.