Commonwealth *v.* Williams, Appellant.

Argued November 16, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*John Mattioni,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Steven H. Goldblatt,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, June 1, 1971:

This appeal is from the judgment of sentence imposed on the appellant, James Williams, following his conviction by a jury of murder in the second degree.

The prosecution resulted from the fatal stabbing of Robert Whitaker. Williams contends the trial evidence was insufficient to connect him with the crime. We disagree.

As we have said many times, the test to be applied in determining the sufficiency of the evidence is whether accepting as true all of the evidence, be it direct or circumstantial or both, and all reasonable inferences arising therefrom, upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime of which he has been convicted. *Commonwealth v. Rankin,* 441 Pa. 401, 272 A. 2d 886 (1971).

Considered in this light, the evidence in the instant case was ample to warrant the jury in finding the following facts.

That Whitaker was set upon and assaulted on a public street in Philadelphia by members of a juvenile

gang, known as the "Alkie Bets," with the intent to rob him; that in the course of the assault one or more of the felons stabbed Whitaker seven times with a knife; that one such blow pierced Whitaker's body and cut a lung which resulted in blood flowing into the chest cavity causing death; and, that the appellant, Williams, was one of the group who participated in this assault.

Assuming that the evidence was insufficient to establish that Williams did the actual stabbing or personally stole anything from Whitaker, this, in itself, would not relieve him of guilt. If the killing were committed by one who at the time was acting in concert with Williams in effectuating a robbery, both are guilty of murder. *Commonwealth v. Batley,* 436 Pa. 377, 260 A. 2d 793 (1970). In other words, if one or more persons engage in the commission of, or in an attempt to commit, a robbery, and during the perpetration thereof the victim is killed by one of the felons, all are guilty of murder. *Commonwealth v. Shawell,* 325 Pa. 497, 191 A. 17 (1937) ; *Commonwealth v. Curry,* 298 Pa. 363, 148 A. 508 (1930) ; and, *Commonwealth v. McManus,* 282 Pa. 25, 127 A. 316 (1925).

It is next asserted that several prejudicial and reversible errors occurred during the trial and a retrial is required. Again, we disagree.

The first such complaint concerns the evidentiary use at trial of a statement given by Williams to the police.

The record discloses that Williams was taken into police custody about one month after the crime occurred. It is undisputed that before any questioning began he was given all the warnings concerning the constitutional rights required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966), and that he immediately signified that he understood what he was told. After about one hour of questioning, Williams

told the police, inter alia, that he was on the corner of 20th Street and Susquehanna Avenue in Philadelphia with several other members of the "Alkie Bets" when a stranger informed the group that Whitaker, who was more or less intoxicated and was seated on the steps in front of a nearby building, had $150 "on him"; that he approached Whitaker and asked for a cigarette and urged him to go home "before something happens"; that Whitaker became argumentative and Williams punched him and knocked him down; that the other members of the "Alkie Bets" on the scene then moved in and assaulted Whitaker and went through his pockets; and that he saw "Sputs" (one of the gang) stab Whitaker four times.

Shortly thereafter in answer to further police questioning, Williams retold his version of the event, and the questions and answers were recorded on a typewriter. When the recorded statement was completed, it was given to Williams to read and he signed each page certifying it was true.

Pretrial a timely motion to suppress the statement was filed, alleging that the statement was coerced and that Williams did not intelligently and knowingly waive his constitutional rights at the time it was given. After an evidentiary hearing, the court found the above allegations were not true in fact and denied suppression.

At trial a police witness read the contents of the statement into the record without objection, and subsequently the statement itself was identified and admitted in evidence, again without objection.

Williams now contends the statement was erroneously admitted into evidence, because it was not voluntarily given and he did not understand his rights when it was given, and, hence, could not have intelligently waived them. In support of this position, our attention is called to the following. Williams was seventeen

years of age at the time and had only an Eighth Grade education. He was also suffering from and undergoing treatment for a stab wound of the leg suffered only two days before.[1] Additionally, it is argued that the questioning took place under oppressive circumstances, that is, in police headquarters in the presence of several policemen.

The claim that the challenged statement was involuntary is now precluded by the failure of Williams to object at trial to its admissibility on this ground. *Commonwealth v. Nash,* 436 Pa. 519, 261 A. 2d 314 (1970), and *Commonwealth ex rel. Smart v. Myers,* 424 Pa. 315, 227 A. 2d 831 (1967). But, having filed a timely motion to suppress the statement on the ground that he did not knowingly and intelligently waive his constitutional rights at the time the statement was given, Williams may still pursue this particular challenge to the admissibility of the statement, even in the absence of an objection at trial. This is so, because under Rule 323(e) of the Pennsylvania Rules of Criminal Procedure[2] Williams could not raise this issue at trial. However, our examination of the record is persuasive that this complaint is without merit and that the suppression-hearing court correctly concluded that Williams was fully aware of his rights before he responded to any police questioning. In this

---

[1] At trial Williams' counsel specifically admitted of record that this injury had no effect on Williams' "state of mind" when he made the challenged statement.

[2] Rule 323(e) of the Pennsylvania Rules of Criminal Procedure pertinently provides, that if after a "Jackson-Denno" hearing, "the court finds the confession to be admissible, the defendant may not again raise the issue of admissibility at trial, except upon a showing of evidence which was not available at the hearing, but he may offer evidence at trial on whether the confession was made voluntarily." [This Rule, operative at the time of this case, has subsequently been amended.]

connection, it must also be noted that Williams' trial testimony as to his personal involvement in the Whitaker assault and robbery was substantially the same as his statement to the police.

Williams next complains the trial judge committed reversible error in his charge by failing to submit to the jury for its decision the issue of the voluntariness of the statement. It is true that as a general rule and under most circumstances, the issue of the voluntariness of a statement, such as here involved, must be considered and ultimately determined by the jury. And this is so even though a "Jackson-Denno" hearing court has previously determined the issue of voluntariness. *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774 (1964), and *Commonwealth v. Heckathorn*, 429 Pa. 534, 241 A. 2d 97 (1968). However, where, as here, the admissibility of the statement is not challenged at trial on the ground of involuntariness and the defendant does not request the trial judge to instruct the jury on this issue, and also fails to enter either a specific or general exception to the charge, we rule that the omission or inadvertence on the part of the trial judge in this regard is not reversible error.

The next complaint challenges the manner in which the Commonwealth was permitted to question certain defense witnesses at trial for the purpose of affecting their credibility. All of these witnesses were members of the "Alkie Bets" and admittedly participated in the Whitaker assault, or were on the scene when it happened. Some of these witnesses testified that they didn't see Williams stab Whitaker, and one of said witnesses, Charles Leftenant, also known as "Sputs" said he did the stabbing and not Williams. One of the witnesses also stated that Williams was not in the immediate area when Whitaker was stabbed and robbed. During cross-examination the Commonwealth was per-

mitted without objection to question these witnesses concerning written statements each had given to the police which were in direct and substantial conflict with their trial testimony. It is urged that this line of cross-examination should not have been permitted until the Commonwealth had first established that the requirements of *Miranda v. Arizona,* supra, and *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), were complied with before the statements were made. As noted before, no objection was voiced to this cross-examination. Moreover, Williams' position is untenable in view of the recent decision of the United States Supreme Court in *Harris v. New York,* 401 U.S. 222, 91 S. Ct. 643 (1971). Cf. also, *United States v. Minor,* 398 F. 2d 511 (2d Cir. 1968), affirmed 396 U.S. 87, 90 S. Ct. 284 (1969).

We have carefully studied each and every asserted assignment of error and find nothing of sufficient merit to warrant us in reversing the judgment.

Judgment affirmed.

Mr. Justice COHEN took no part in the decision of his case.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result reached by the majority with the understanding that our decision today in no way constitutes this Court's adoption of the rule recently enunciated by the United States Supreme Court in *Harris v. New York,* 401 U.S. 222, 91 S. Ct. 643 (1971). That issue was neither raised, briefed, nor argued before our Court.