Commonwealth *v.* Shank, Appellant.

442

Submitted June 18, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*R. Barclay Surrick*, Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.*, Assistant District Attorney, *William R. Toal, Jr.*, First Assistant District Attorney, and *Stephen J. McEwen*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 21, 1971:

On June 4, 1958, the appellant, Harry Shank, while represented by counsel, entered pleas of guilty to several charges of burglary, larceny, and conspiracy in Delaware County. On June 23 and 24, 1958, a codefendant, Joseph McGee, was tried in Delaware County before a different judge on some of the same charges to which appellant had pleaded guilty on June 4, 1958. McGee was represented by the same attorney who had earlier represented appellant at his trial. McGee elected to plead not guilty, and appellant was a witness for McGee at trial. The record shows that during the course of this trial, Shank incriminated himself, accepted full responsibility for the crimes involved and attempted to exculpate the codefendant, McGee.

At the conclusion of McGee's trial, appellant was immediately called before the bench for sentencing on the charges to which he had pleaded guilty on June 4, 1958. He was represented by the same attorney who represented him at the guilty plea and who had moments earlier represented McGee. The judge who presided at the McGee trial sentenced Shank to not less than ten nor more than twenty years imprisonment on one of the burglary charges. Sentence was suspended on the other charges.

Shank claims that this sentencing was improper and we must agree. The record discloses an obvious conflict of interest on the part of appellant's counsel at the time of sentencing. In *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 48, 176 A. 2d 641, 643 (1962) the Supreme Court held: "If, in the representation of more than one defendant, a conflict of interest arises, the *mere existence of such a conflict* vitiates the proceedings, even though no *actual* harm results." (emphasis added) A conflict may be established if defendant can show that counsel neglected his cause in order to concentrate on that of the codefendant. *Commonwealth v. Wilson,* 429 Pa. 458, 239 A. 2d 308 (1968).

However diligent and resourceful counsel may have been at appellant's sentencing, we cannot ignore his spirited defense of McGee only moments earlier, before the same judge. As McGee's counsel, the attorney had, quite properly, attempted to shift the total blame for the criminal activity to appellant's shoulders. Had Shank's sentencing occurred on a later date, or even on the same date, but before a different judge, this issue would probably not have arisen. However, as the court said in *Commonwealth ex rel. Whitling v. Russell,* supra: "The potentiality that such harm *may* result, *rather than* that such harm did result, furnishes the appropriate criterion." 406 Pa. at 48, 176 A. 2d at 643.

It seems evident that resentencing is required, with appellant being represented by counsel unburdened by a conflict.

Remand for resentencing.