Commonwealth *v.* Tull, Appellant.

*Daniel Preminger* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Appellant contends that his conviction for aggravated robbery, aggravated assault and battery, and assault and battery should be reversed because the Commonwealth improperly introduced evidence of a confession which counsel agreed not to introduce.

The appellant was charged with striking John Scatton with a brick and taking his wallet on June 22, 1972 at 1300 Commerce Street in Philadelphia. Prior to trial, appellant's counsel moved for the suppression of (1) tangible evidence taken from appellant, (2) the victim's identification of appellant, and (3) statements allegedly given to the police by the appellant following the incident. The Commonwealth then introduced evidence at the suppression hearing with regard to the tangible evidence and the identification. Subsequent to the presentation of this evidence, the district attorney remarked: "Your Honor, just to set the record straight", defense counsel "did ask that the confession be suppressed. *I intend to introduce no confession.* Therefore, there has been no evidence about it on this motion." (Emphasis added.) The trial judge refused to suppress the tangible evidence and the identification; the trial commenced before the judge without a jury.

The appellant elected to testify in his own behalf at trial. He denied having committed the robbery, but admitted that he had engaged in a fight with an unidentified third person at the scene of the crime. During cross-examination, the following transpired: "Q. You were arrested. You then went to the Detective Division; is that right? A. Yes. Q. Do you remember talking to Detective Checcia there? A. I don't know which one was which. Defense Counsel: I am going to object if there is a statement that is brought in because we just heard before that it is not going to be used. The District Attorney has said he is not going to use the statement and therefore we did not have a motion on the statement. If he is now going to use the statement to impeach, I am going to ask for a mistrial. THE COURT: All I know is that the last question is, 'Do you remember talking to Detective Checcia?' Mr. Preminger: What follows a talk with the detective? THE COURT: I will agree with you that counsel has said that the statement was not going to be used. I do not know if he is going in that direction or not. We will wait for the next question. By Mr. Greene: Q. Do you remember talking to Detective Checcia? A. I don't remember which one he was. Q. Do you remember talking to any detective? A. I talked to two police down there. Q. Do you remember making a statement? A. I didn't make no statement to him."

Given the Commonwealth's decision not to introduce the confession, we must treat the statement as if it had been suppressed. In his motion to suppress, appellant requested that his confession be excluded on the ground that said statement was coerced and not preceded by proper warnings which appellant understood. In *Commonwealth v. Padgett*, 428 Pa. 229, 237 A. 2d 209 (1968), the Pennsylvania Supreme Court ruled that "a confession which is constitutionally inadmissible as part of the Commonwealth's case in chief, either under

Escobedo or under *Miranda v. Arizona, may not be used at trial for any purpose." Commonwealth v. Robinson,* 428 Pa. 458, 239 A. 2d 308 (1968) (emphasis added) (citations omitted). The instant matter, therefore, falls within the *Padgett* rule. The existence of the statement was used in an attempt to impeach the appellant. The district attorney flagrantly erred in so questioning the appellant, but the error was harmless as it did not impair the appellant's credibility. The appellant did not deny making a statement to the police; he merely asserted that he did not make a statement to one particular officer. Further, the judge, sitting without a jury, knew of the existence of the statement prior to the question being asked. *Commonwealth v. Padgett,* supra, sets forth the rule that the improper use of a suppressed confession may be error which is harmless beyond a reasonable doubt. Since appellant only denied making a statement to one police officer and not to the police in general, the prosecutor's improper use of the statement is harmless beyond a reasonable doubt.

The order of the lower court is affirmed.

CERCONE, J., concurs in the result.