Commonwealth *v.* Woods, Appellant.

Submitted September 26, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Sallie Ann Radick* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Eberhardt,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, December 4, 1973:

The appellant, Venolious Lee Woods, was convicted in a jury trial of second-degree murder and received a sentence of eight to sixteen years imprisonment. Post-trial motions were denied and this appeal followed in which we must decide whether certain oral statements made by the appellant to a police officer after his arrest were properly admitted in rebuttal for impeachment purposes even though the statements were obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and had been suppressed prior to trial.

The prosecution does not challenge the pretrial suppression order, but argues that it does not prohibit the use of the suppressed statements in rebuttal for im-

---

\* Reporter's Note: On November 1, 1974, the Supreme Court of the United States denied a petition for a writ of certiorari, 419 U.S. 880.

peachment purposes even though they could not be used as part of the prosecution's case in chief. The prosecution relies on *Harris v. New York*, 401 U.S. 222, 91 S. Ct. 643, 28 L.Ed. 2d 1 (1971), which the appellant contends is inapplicable to the facts of this case. We agree with the appellant that *Harris* is not applicable.*

*Harris* reaffirmed the inadmissibility of a defendant's suppressed statements in the prosecutions case in chief. *Harris*, however, permitted the prosecution to introduce suppressed statements for the purpose of *contradicting alleged false statements made by the defendant while testifying*. *Harris* allowed the introduction of suppressed statements which were inconsistent with the defendant's trial testimony—testimony which the prosecution *disputed* during its case in chief. Defendant's trial testimony was helpful to the defendant and harmful to the prosecution. If the testimony of the prosecution's witnesses was truthful, the defendant was committing perjury.

---

* There has been unfavorable comment concerning *Harris*, a five to four decision, which permitted a limited use of suppressed statements for impeachment purposes. Dershowitz & Ely, *Harris v. New York: Some Anxious Observations on the Candor and Logic of the Emerging Nixon Majority*, 80 Yale L.J. 1198 (1971) ; 10 Duquesne L. Rev. 128 (1971) ; 45 Temp. L.Q. 118 (1971) ; 33 U. Pitt. L. Rev. 135 (1971). Some jurisdictions have narrowly limited or have refused to follow the ruling. *See People v. Taylor*, 501 P. 2d 918, 104 Cal. Rptr. 350 (Cal. 1972) ; *State v. Santiago*, 53 Hawaii 254, 263, 492 P. 2d 657, 662 (1971). Prior to the *Harris* decision, we had held that statements of a defendant which were constitutionally inadmissible as part of the prosecution's case in chief could not be used at trial *for any purpose. Commonwealth v. Robinson*, 428 Pa. 458, 239 A. 2d 308 (1968) ; *Commonwealth v. Padgett*, 428 Pa. 229, 237 A. 2d 209 (1968). Since the *Harris* decision, we have not had occasion to consider the wisdom of allowing the use of a defendant's suppressed statements for limited impeachment purposes. We do not find it necessary to do so in this appeal since we agree with the appellant that the *Harris* rule does not apply to this case.

4

The facts of this case differ significantly. Appellant's trial testimony, which the prosecution wanted to rebut, did not involve testimony which was disputed or contradicted in the prosecution's case in chief. The appellant's testimony agreed with the testimony of the prosecution's witnesses. The prosecution cannot claim it is harmed by testimony of the appellant which is not in dispute and which is corroborated by prosecution witnesses.

In this case, both the prosecution and the defense agreed that, following a chase in which the victim was running away from the appellant, the victim had been stabbed during a struggle in an alleyway. The disagreement centered around the motive for the crime. The prosecution claimed that robbery of the victim was the motive for the stabbing. The defense contended, however, that appellant was attempting to capture the victim who, immediately before the chase, had attempted to burglarize the appellant's apartment located about seven blocks away from the scene of the stabbing. To sustain its version, which was based solely on circumstantial evidence, the prosecution contended (1) that during part of the chase, the appellant, while pursuing the victim who was running on foot, was in an automobile with two other people and (2) that the appellant returned to his apartment with the knife used in the stabbing. In appellant's suppressed statements, which consisted of an oral conversation with a police officer, he at first denied both of the above facts but later in the conversation admitted the second fact. During his trial testimony, however, appellant *admitted both facts*. He testified that he was in an automobile with two other people during his pursuit of the victim and that he took the knife back to his apartment. Thus, as to these facts, there was no dispute between the testimony of the prosecution's witnesses and the trial testimony of the appellant. These are the

only facts relevant to this appeal because they are the only facts which the prosecution wanted to contradict by using the suppressed statements. There was no reason to permit any rebuttal as to these facts because of the total agreement between the testimony of the prosecution and the appellant. In such a situation, any rule permitting the use of constitutionally infirm statements purporting to prevent perjury by the appellant can have no application. The prosecution in this case was not attempting to prevent alleged perjury but was only attempting to impeach the appellant. The prosecution should not be permitted to use constitutionally infirm statements to rebut appellant's trial testimony which completely agrees with the prosecution's testimony. We conclude that the appellant's suppressed oral statements should not have been admitted in rebuttal for impeachment purposes.

Moreover, we cannot conclude that the admission of the suppressed statements was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). The rebuttal testimony by the police officer, who obtained appellant's statements in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), served to stigmatize the appellant as a liar by bringing appellants inconsistent statements to the jury's attention. In addition, the police officer testified that during his questioning of the appellant, which was reduced to writing, he called the appellant a liar. In rebuttal the officer testified: "[The appellant] first told me that when he caught up with the man the man pulled a knife and during the struggle over the knife that he, the man, was stabbed. He left leaving the knife behind. *I then told him that he was a liar,* that we had found no knife at the scene of this homicide. He then told me that, *yes he did take the knife.* . . . He then said that at no time on this night was he ever in a car.

In fact, he had run the 7 or 8 blocks to the apartment, back, and that when he got home he was actually spitting out blood from being out of wind." (Emphasis added.)

We first note that the above alleged prior inconsistent statement as to the knife *was not inconsistent* with appellant's trial testimony. The police officer first quotes the appellant as saying he left the knife behind but quotes the appellant as admitting, almost immediately thereafter, that *he took the knife.* That is exactly what the appellant said in his trial testimony and exactly what the prosecution contended. There was absolutely no reason to allow the above testimony by the officer except perhaps to enable the officer to repeat, before the jury, his pretrial accusation that the appellant was a liar. If that was the prosecution's motive, it was highly improper. Appellant's credibility was an issue for the jury to decide, not the police officer.

The credibility of the appellant was crucial in this case because the prosecution's contention that a robbery took place was based solely on circumstantial evidence. The jury's refusal to believe that the appellant was pursuing a burglar may well have been influenced by the introduction of appellant's suppressed statements and the officer's characterization of the appellant as a liar. We cannot, therefore, conclude that the inadmissible evidence was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

Judgment reversed and a new trial ordered.

Mr. Justice ROBERTS joins the majority opinion.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I join in the opinion of the Court but desire to add that the present case is controlled by *Commonwealth*

*v. Padgett*, 428 Pa. 229, 231, 237 A.2d 209, 210 (1968).[1] This Court in *Padgett* held that "a statement procured either after failure to give an accused opportunity to consult with counsel or, as in this case, failure to warn an accused of his right to remain silent (under Escobedo [v. Illinois, 378 U.S. 478, 84 S. Ct. 1758 (1964)]), or in the absence of police attempts to advise the accused of his constitutional rights (under Miranda [v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966)]), cannot be employed at trial for any purpose." From this Court's unequivocal refusal to permit the prosecution to use an unconstitutionally obtained confession "for any purpose," it is evident that *Harris v. New York,* 401 U.S. 222, 91 S. Ct. 643 (1971),[2] cannot represent the law of this Commonwealth.

*Harris*-type use of constitutionally infirm confessions forces upon an accused a grisly Hobson's choice. Either an accused must forgo his right to testify, or he must risk the sure and devastating prejudice occasioned by the prosecution's use of the impermissibly obtained confession at the critical rebuttal stage.

Mr. Justice O'BRIEN and Mr. Justice NIX join in this concurring opinion.

---

[1] Accord *Commonwealth v. Horner*, 453 Pa. 435, 309 A.2d 552 (1973) ; *Commonwealth v. Robinson*, 428 Pa. 458, 239 A.2d 308 (1968).

[2] *Harris v. New York*, 401 U.S. 222, 91 S. Ct. 643 (1971), has been severely criticized. See Dershowitz & Ely, *Harris v. New York: Some Anxious Observations on the Candor and Logic of the Emerging Nixon Majority*, 80 Yale L.J. 1198 (1971) ; *The Supreme Court 1970 Term*, 85 Harv. L. Rev. 40, 44-64 (1971).

At least one other jurisdiction has refused to follow *Harris*. *State v. Santiago*, 53 Hawaii 254, 263, 492 P.2d 657, 662 (1971).

---

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

In my view, the admission in rebuttal of the oral statements made by appellant to the police officer was not erroneous. Even if it were erroneous, such error

8

was clearly harmless, non-prejudicial error which would not justify a new trial.