341 A.2d 105

**Robert L. BEAR, Appellant,**

v.

**REFORMED MENNONITE CHURCH et al.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 1974.

Decided July 7, 1975.

George B. Faller, Frances H. Del Duca, Carlisle, for appellant.

William B. Ball, Joseph G. Skelly, Ball & Skelly, Harrisburg, for appellees Reformed Mennonite Church and Glenn M. Gross.

William M. Musser, Jr., Rengier, Musser & Stengel, Lancaster, for appellees Reformed Mennonite Church and J. Henry Fisher.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On November 13, 1973, appellant, Robert L. Bear, filed a two-count complaint in equity against appellees, Reformed Mennonite Church, Glenn M. Gross and J. Henry Fisher, in their capacities as bishops and as individuals. Count one of the complaint was against all of the appellees and alleged that appellant was excommunicated from appellee church for his criticism of the teachings and practices of both the church and its bishops. It was further alleged that the church and bishops, as part of the excommunication, ordered that all members of the church must "shun" appellant in all business and social matters. ("Shunning," as practiced by the church, involves total boycotting of appellant by other members of the church, including his wife and children, under pain

that they themselves be excommunicated and shunned.) Appellant, in his complaint in equity, alleged that because of his being "shunned," his business is in collapse since he is unable to hire workers, obtain loans or market his produce. Moreover, appellant alleged that his family is in collapse because his wife and children do not speak to him or have any social or physical contact with him. Appellant has, therefore, requested the appropriate relief.

In count two of the complaint, appellant alleged that appellee Glenn M. Gross, while a bishop of appellee church, is also the brother of appellant's wife and that he has "advised" or "encouraged" her to "shun and boycott" appellant, resulting in appellant's wife not having any social or physical contact with him.

No responsive pleadings were filed by appellee church or appellees Gross and Fisher, either in their capacity as bishops or individuals. Rather, a two-line preliminary objection, demurring for failure to state a course of action, was filed. This demurrer was sustained and this appeal followed.[1]

Appellant argues that the court below erred in sustaining appellees' preliminary objection in the nature of a demurrer. We agree.

In *Buchanan v. Brentwood F. S. & L. Assoc.*, 457 Pa. 135, 320 A.2d 117 (1974), this court reiterated the standard for judging a demurrer:

"A demurrer admits as true all well-pleaded facts and all inferences reasonably deducible from them, but

---

1. Appellees-defendants filed a preliminary objection pursuant to Pa.R.C.P. No. 1017(b)(4), 12 P.S.Appendix, alleging a failure to state a cause of action. The applicable procedure is to review the pleadings to which such preliminary objection was filed and determine solely therefrom whether a cause of action was stated. A summary judgment pursuant to Pa.R.C.P. No. 1035 allows consideration of matters outside of the pleading. In the instant matter, we shall treat the order of the court below as sustaining a demurrer for failure to state a cause of action pursuant to Rule 1017 rather than that of granting a summary judgment.

not any conclusions of law. *Reardon v. Wilbur,* 441 Pa. 551, 554, 272 A.2d 888, 890 (1971); *Clevenstein v. Rizzuto,* 439 Pa. 397, 400–01, 266 A.2d 623, 624–25 (1970); *Hoffman v. Misericordia Hospital,* 439 Pa. 501, 503–04, 267 A.2d 867, 868 (1970).

Only if 'upon the facts averred, the law says with *certainty* that *no* recovery is permitted,' *Clevenstein, supra* at 401, 266 A.2d at 625, will this Court sustain the demurrer. 'Where a doubt exists as to whether a demurrer should be sustained, this should be resolved in favor of overruling it.' Id.; see *King v. United States Steel Corp.,* 432 Pa. 140, 143–44, 247 A.2d 563, 565 (1968)." At page 139, 320 A.2d at page 120. (Emphasis supplied).

Appellees and the court below took the position that in examining the complaint in the above light, the "Free Exercise" clause of the First Amendment was a complete defense to both counts of the complaint and thus the granting of appellees' demurrer was proper. We do not agree.

■ In our opinion, the complaint, in Counts I and II, raises issues that the "shunning" practice of appellee church and the conduct of the individuals may be an excessive interference within areas of "paramount state concern," i. e. the maintenance of marriage and family relationship, alienation of affection, and the tortious interference with a business relationship, which the courts of this Commonwealth *may* have authority to regulate, even in light of the "Establishment" and "Free Exercise" clauses of the First Amendment.

The United States Supreme Court, in discussing permissible governmental curtailment acts done in furtherance of or pursuant to religious belief, has allowed a certain degree of regulation. In *Sherbert v. Verner,* 374 U.

S. 398, 403, 83 S.Ct. 1790, 1793, 10 L.Ed.2d 965 (1963), the Supreme Court stated:

" . . . [T]he Court has rejected challenges under the Free Exercise Clause to governmental regulation of certain overt acts prompted by religious beliefs or principles, for 'even when the action is in accord with one's religious convictions, [it] is not totally free from legislative restrictions.' *Braunfeld v. Brown,* 366 U.S. 599, 603, 81 S.Ct. 1144, 6 L.Ed.2d 563. The conduct or actions so regulated have invariably posed some substantial threat to public safety, peace or order."

Moreover, the Supreme Court in *Sherbert, supra,* at page 406, 83 S.Ct. at page 1795 continued:

" . . . It is basic that no showing merely of a rational relationship to some colorable state interest would suffice; in this highly sensitive constitutional area, '[o]nly the gravest abuses, endangering paramount interests, give occasion for permissible limitation.' *Thomas v. Collins,* 323 U.S. 516, 530, 65 S.Ct. 315, 89 L.Ed. 430."

While the First Amendment may present a complete and valid defense to the allegations of the complaint, in the instant case, appellant has pleaded sufficient facts and created sufficient "doubt" that would entitle him to proceed with his action in order that he may attempt to prove the requisite elements that would entitle him to relief under *Sherbert, supra.*

Decree reversed. Case remanded for proceedings consistent with this opinion. Costs to be borne by appellees.

ROBERTS, J., took no part in the consideration or decision of this case.

MANDERINO, J., concurred in the result.

POMEROY, J., dissents.