## Triboletti v. Fair Acres Farm

*counsel.*

*James H. Gorby, Jr.,* for plaintiff.
*Alfred J. Mattei,* for defendants.

PRESCOTT, *J.,* November 30, 1977—The matter before this court for consideration is defendants' preliminary objections to plaintiff's amended complaint in assumpsit and trespass.

A review of the amended complaint indicates that plaintiff, Frances M. Triboletti, M.D., is a physician. It is alleged, inter alia, that in June of 1965, plaintiff was employed on the medical staff of defendants, Fair Acres Farm—The Delaware County Institution District (hereinafter Fair Acres). In June 1969, Fair Acres and defendant, County of Delaware, allegedly agreed to employ plaintiff as the medical director of Fair Acres until plaintiff reached the age of 72, which was the then existing compulsory retirement age for employes of Fair Acres. Plaintiff specifically pleads that she was to be employed until age 72 and that said age was an expressed condition of her employment. In reliance upon said agreement, plaintiff alleges that she gave up her private medical practice "in exchange for the lifetime security and the status that the position as a medical director offered" and that defendant county and Fair Acres were aware of this fact at the time plaintiff was hired as medical director.

The issues raised by defendants' preliminary objections will be dealt with seriatim.

Count one of the amended complaint is captioned "In Assumpsit." The above allegations are incorporated in count one and then the following allegations are made: In January 1976, defendant, Delaware County Council (hereinafter council), changed the compulsory retirement age for Fair Acres employes from age 72 to age 65. In July of 1976, plaintiff inquired of defendants what her

status would be under the new compulsory retirement age, since plaintiff would be age 65 in December of 1976. Plaintiff was advised by defendants that the new retirement age of 65 would apply to plaintiff. Plaintiff then advised defendants that she was holding defendants to the above-mentioned employment contract by which her employment was to continue to age 72. On or about December 14, 1976, plaintiff's employment was terminated because plaintiff had attained the age of 65.

For this alleged breach of contract, plaintiff prays for monetary damages for loss of salary for a period of seven years as well as the future increases and benefits to which she would have been entitled had her employment not been terminated.

Defendants raise two issues in preliminarily objecting to count one:

First: Are paragraphs 29, 30 and 31 of said count subject to a motion to strike for lack of conformity to Pa.R.C.P. 1020(d)(1), which rule prohibits the joining of assumpsit and trespass actions in the same count of a complaint.

It is defendants' contention that plaintiff has pleaded both an assumpsit and trespass action within the same count in contravention of the above rule.

Rule 1020(d)(1) provides, inter alia, as follows:

"If a transaction or occurrence . . . gives rise to causes of action in assumpsit and trespass against the same person, including causes of action in the alternative, they shall be joined in an action . . . in separate counts. Each count shall specify whether the cause of action stated therein is in assumpsit or trespass, shall state that cause of action and any special damages relating thereto and shall demand the relief sought."

A review of the subject paragraphs reveals that plaintiff alleges the following:

"29. As a further result of the said breach, the plaintiff has suffered a severe shock to her nerves and nervous system and is presently under a physician's care for hypertension and partial heart block. Plaintiff believes, and therefore avers, that the aforementioned condition was not a pre-existing condition as there were no symptoms until November of 1976 and there was no prior history of any such conditions.

"30. As a further result of the aforesaid breach, the plaintiff has been forced to expend various sums of money for medicines and medical attention in an attempt to obtain treatment and cure for the above-mentioned conditions.

"31. As a further result of the aforesaid breach, the plaintiff has had to delve into her savings and will be forced to continue to delve into her savings in the future until such time when she can secure comparable substitute employment elsewhere or until she is able to rebuild and expand her private medical practice so as to make ends meet."

Counsel for plaintiff readily admits that the aforesaid paragraphs allege "the effect of the breach of contract upon plaintiff," but that plaintiff does not seek damages for the allegations of paragraphs 29, 30 and 31 in count one which is captioned "In Assumpsit." However, counts two and three are founded in trespass and both count two and count three seek damages for the injuries allegedly sustained, which would appear to include the allegations contained in the paragraphs in question.

To the extent that paragraphs 29, 30 and 31 are relevant to the trespass actions pleaded in count two and count three of the amended complaint, defendants' motion to strike said paragraphs is overruled. However, said paragraphs are not rele-

vant to count one of the amended complaint which is based in assumpsit. Defendants' objection to that extent is sustained and plaintiff is precluded from making use of said paragraphs with respect to proving the cause of action set forth in count one.

Second: Is count one of the amended complaint subject to a demurrer for failure to state a cause of action where it alleges a breach of contract by an employer for changing the compulsory retirement age to 65 when the compulsory retirement age was 72 when plaintiff was hired by said employer.

It is argued that since a public employe is an employe at the will of the public employer, the employe has no vested rights in the retirement age in effect at the time said employe was hired.

This court cannot agree with defendants' position. Plaintiff has specifically pleaded that, as an express condition of her employment as medical director, she was to be employed until age 72. Also, plaintiff has pleaded reliance on her part on the alleged term of employment inasmuch as she gave up her private medical practice in order to become medical director. These allegations appear to remove the case at bar from the authorities cited by defendants in support of their position. To the contrary, in McIlvaine v. Pennsylvania State Police, 6 Pa. Commonwealth Ct. 505, 296 A. 2d 630 (1972), affirmed 454 Pa. 129, 309 A. 2d 801 (1973), the Commonwealth Court originally dismissed preliminary objections in the nature of a demurrer because "it was not entirely clear and free from doubt that plaintiff had failed to state a cause of action."

Since the only pleading before the court for consideration is plaintiff's amended complaint, defendants' demurrer to count one of said amended complaint must be overruled.

Is count two of the amended complaint subject to

a demurrer for failure to state a cause of action?

This count is captioned "In Trepass." After incorporating all of the allegations of count one, count two goes on to aver the following: That during the term of her employment, defendants paid plaintiff a compensation less than the value of her services solely because of plaintiff's sex. In addition, plaintiff alleges that she was terminated in her employment so that her position could be filled with a male replacement.

As a result of the alleged sex discrimination, plaintiff claims that her rights under the Pennsylvania and United States Constitutions were violated for which plaintiff seeks monetary damages.

In DiFlorido v. DiFlorido, 459 Pa. 641, 331 A. 2d 174 (1975), the Supreme Court of Pennsylvania held that different benefits or different burdens cannot be imposed on members of society solely because of their sex. See also Commonwealth v. Butler, 458 Pa. 289, 328 A. 2d 851 (1974).

Upon the allegations set forth in count two, this court cannot sustain defendants' demurrer, since proof of such allegations would constitute a case of discrimination, one based solely on the fact that plaintiff is a member of the female sex. Therefore, this demurrer is dismissed.

All that is before this court is an amended complaint to which no answer has been filed. Plaintiff has pleaded the unconstitutionality of a compulsory retirement age policy promulgated by defendants based upon an allegation that the fixing of a retirement age of 65 has no rational justification or legitimate objective. Preliminarily, upon request for hearing and upon proof of such an allegation the issuance of an injunction would be warranted to prevent enforcement. No such request was made. Defendants may raise a defense to the granting of equitable relief which may leave plaintiff to her

legal remedies only. This court deems it premature to deny plaintiff's prayer for equitable relief upon defendants' preliminary objection; therefore, we overrule this preliminary objection.

Is count three subject to a demurrer for failure to state a cause of action when it alleges the unconstitutionality of the Delaware County compulsory retirement plan for its employes who attain the age of 65?

Defendants contend that the changing of the compulsory retirement age for its employes from age 72 to age 65 is not unconstitutional, because said retirement age was indiscriminately applied to all defendants' employes who reached age 65.

In passing upon a motion for a demurrer, the court cannot consider matters collateral to, but only matters arising out of, the complaint itself: Bear v. Reformed Mennonite Church, 462 Pa. 330, 341 A. 2d 105 (1975); Detweiler v. Hatfield Boro. School Dist., 376 Pa. 555, 104 A. 2d 110 (1954). Further, a demurrer cannot aver the existence of any facts not already apparent on the face of the record and, if a demurrer avers such facts or denies averments of fact, the demurrer cannot be sustained: Bear, supra; Detweiler, supra; Blieden v. Toll, 139 Pa. Superior Ct. 436, 12 A. 2d 487 (1940).

In the case at hand, defendants seek a demurrer because they deny the allegations contained in said count three. This contention is clearly at odds with the above-cited authorities and defendants' demurrer cannot be sustained on the ground stated, since this Commonwealth has recognized a cause of action as pleaded by plaintiff in count three. See McIlvaine v. Pennsylvania State Police, supra, Geary v. Allegheny County Retirement Bd., 426 Pa. 254, 231 A. 2d 743 (1967).

Count three of the amended complaint is captioned "In Trespass." After incorporating by refer-

ence all of the allegations of counts one and two the following averments are made: .

"The County Council changed the compulsory retirement age from 72 to 65 without any rational justification and without any legitimate objective. It is alleged that the compulsory retirement age was lowered so as to discriminate against employees solely on the basis of age without regard to any other factor relevant to employment."

The relief plaintiff seeks in count three is fourfold: (1) to declare the compulsory retirement age of 65 unconstitutional; (2) to enjoin the enforcement of the compulsory retirement age of 65; (3) to compel the reinstatement of plaintiff; (4) consequential and punitive damages.

Defendants raise objections to count three, as follows:

Is it subject to a motion to dismiss for lack of jurisdiction wherein injunctive relief as well as damages in trespass are sought?

A court may entertain an action which seeks equitable relief as well as damages in order to avoid a multiplicity of actions and to resolve the entire controversy between the parties: Eble v. Jones, 158 Pa. Superior Ct. 270, 44 A. 2d 761 (1945). This principle is especially applied where it is not clear at the outset of the case which relief is more appropriate or what defense may be raised to the equitable relief sought. See Soifer v. Stein, 101 Pa. Superior Ct. 135 (1931); Tide Water Pipe Co. v. Bell, 280 Pa. 104, 124 Atl. 351 (1924).

Finally, by demurrer, this court is asked to rule on whether plaintiff's causes of action as set forth in the amended complaint can be maintained against the members of the Delaware County Council in their individual capacities.

The caption of the case does not name the individual members of the county council as defend-

ants. Service of the complaint was accepted by defense counsel on behalf of defendants named in the caption of the case. There is nothing on the record, however, which indicates that service was ever accepted on behalf of or effected upon the members of the county council in their individual capacities. As a result, this court concludes that the individual members of the county council are not presently before the court in this action. In addition, the amended complaint is devoid of any allegations which could or would subject the individual members of the county council to personal liability for the actions and conduct complained of by plaintiff. See Lehnig v. Felton, 235 Pa. Superior Ct. 100, 340 A. 2d 564 (1975); Ammlung v. Platt, 224 Pa. Superior Ct. 47, 302 A. 2d 491 (1973). Therefore, this court sustains the demurrer as regards the cause of action against the members of the county council in their respective individual capacities.

It should be noted that defendants have withdrawn their preliminary objections to dismiss the amended complaint because of plaintiff's failure to exhaust administrative remedies and plaintiff's failure to join certain alleged agents of various defendants as necessary parties.

In view of all the foregoing facts and authorities, this court enters an order consistent with this opinion.

## ORDER

And now, November 30, 1977, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1. Defendants' preliminary objection in the nature of a demurrer to count one, count two and count three of the amended complaint be and the same is hereby dismissed;

2. Defendants' motion to strike paragraphs 29, 30 and 31 of the amended complaint is sustained as to count one—in assumpsit; however, said motion to strike the aforesaid paragraphs is dismissed as to count two and count three of the amended complaint;

3. Defendants' motion to dismiss count three of the amended complaint for lack of jurisdiction be and the same is hereby dismissed;

4. Defendants' preliminary objection in the nature of a demurrer to the causes of action stated against the members of the Delaware County Council in their respective individual capacities be and the same is hereby sustained;

5. Leave is hereby granted to defendants to file a responsive pleading to plaintiff's amended complaint within 30 days of the date of this order.