C. B. LIDE, D.D.S., Appellant,

v.

Weldon MILLER and Wilburn Whittington, Jr., Appellees.

No. 8573.

Court of Civil Appeals of Texas, Texarkana.

Nov. 14, 1978.

Randall J. Shafer, Bruce Love, Elliott & Shafer, Dallas, for appellant.

Bascom T. Perkins, Perkins & Perkins, Bird Old, Jr., Old & Old, Mount Pleasant, for appellees.

RAY, Justice.

This is a summary judgment case. Appellant (plaintiff), Dr. C. B. Lide, filed suit against appellees, Weldon Miller and Wilburn Whittington, Jr., the elders of the North Jefferson Street Church of Christ located in Mt. Pleasant, claiming that Miller and Whittington had read a statement of Lide's alleged misconduct before the congregation of assembled members of the church and nonmembers. Appellant's action was for libel and slander and alternatively for interference with appellant's business relations. Appellees answered claiming privilege and truth as defenses and filed their motion for summary judgment. The

motion for summary judgment was granted on the entire case, including the count asserting interference with business relations. Appellant has perfected his appeal and submits three points of error for our consideration.

The judgment of the trial court will be reversed and the cause remanded for trial upon the merits.

■ Appellant's first point of error is controlling and is as follows:

"The Honorable District Court erred in granting a summary judgment on the entire case when the pleadings, evidence and exhibits went to only one of the two counts plead."

In his petition, appellant has alleged that he suffered damages by reason of libel and slander, or, in the alternative, that he has suffered damages as the result of the tortious interference by appellees with his business. The motion for summary judgment and the summary judgment proof were related only to the question of whether the alleged libelous and slanderous communications were privileged and were not related to the alternative claim for damages for the alleged tortious interference with appellant's business. The burden of the appellees, as movants in this case, was to come forward with summary judgment proof which established as a matter of law that no genuine issue of fact exists as to one or more of the essential elements in each of appellant's causes of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). This applies to each independent cause of action including those separated by "in the alternative." The nonmovant has no burden in response to a summary judgment motion unless the movant has conclusively established his defense to each and every cause of action. *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.1970); *Marshall v. Garcia*, 514 S.W.2d 513 (Tex.Civ.App. Corpus Christi 1974, writ ref'd n. r. e.). Since appellant asserted more than one cause of action and appellees' summary judgment proof did not establish that they were entitled to a judgment as a matter of law on all

causes of action, then appellees should have been denied a summary judgment. In such a case, a summary judgment is proper only if the non-movant could not succeed on any theory pleaded by him for recovery. There was no summary judgment proof that appellant could not recover on his alternative cause of action for the tortious interference with his business. Appellant's first point of error is sustained.

■ Since this case will have to be tried on the merits, we believe that it would be helpful to the trial court if we pointed out that while ordinarily the civil courts have no jurisdiction over and no concern with, purely ecclesiastical questions and controversies, they do have jurisdiction as to civil, contract and property rights even though such rights are involved in, or arise from, a church controversy. 76 C.J.S. Religious Societies § 86, pp. 873–874 (1952). See *Serbian Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); *Presbytery of Covenant v. First Presbyterian Church of Paris*, 552 S.W.2d 865 (Tex.Civ.App. Texarkana 1977, no writ); *Gray v. Saint Matthews Cathedral Endowment Fund*, 544 S.W.2d 488, 492 (Tex.Civ. App. Texarkana 1976, writ ref'd n. r. e.).

In *Bear v. Reformed Mennonite Church*, 462 Pa. 330, 341 A.2d 105 (1975), a suit for alienation of affections and the tortious interference with a business relationship was alleged. Appellant had been excommunicated from the Amish Church for his criticism of the teachings of both the church and its bishops. As part of the excommunication, the church ordered that all members of the church must "shun" the appellant in all business and social matters. Appellant alleged that this shunning, or boycotting, of his business was causing its failure, and in addition, his family life was in a state of collapse because his wife and children would not speak to him or have any social or physical contact with him. A demurrer to the complaint was sustained by the trial court on the ground that the "free exercise" clause of the first amendment to the U. S. Constitution was a complete defense. The Pennsylvania Supreme Court reversed and

recognized that while there is a prohibition against courts resolving religious disputes, certain overt acts, such as interference with the family relationship, alienation of affection, and the tortious interference with business, may be areas of paramount state concern that the courts have authority to regulate. See 20 A.L.R.2d 421 (1951).

We have examined the language contained in the alleged libelous and slanderous communication and believe that it is ambiguous and subject to more than one construction.

We are also of the opinion that several material fact issues exist which require determination by the trier of fact.

The judgment of the trial court is reversed and the cause is remanded for trial upon the merits.

HUTCHINSON, BUN L., Associate Justice, not participating.