## Williams v. Kerr

*Ronald L. Williams II,* pro se.

*Grant H. Fleming* and *Jonathan B. Stepanian,* for defendants Kerr and Penn State Milton S. Hershey Medical Center.

CHERRY, *J.,* January 9, 2006—Presently before this court is defendants Blaine A. Kerr, PSHMC/COM Privacy Coordinator, the Penn State Milton S. Hershey Medical Center's preliminary objection to plaintiff Ronald L. Williams II's complaint.

Procedurally, this matter was initiated by complaint on September 8, 2005. Defendants filed a preliminary objection on September 27, 2005, and a brief in support of the preliminary objection on November 8, 2005. Plaintiff filed a response on November 25, 2005, and an opposing brief on December 8, 2005.

This action, sounding in equity, seeks the release of certain medical records concerning plaintiff's minor child, Cullen Matthew Withrow, born November 28, 1998. Specifically, plaintiff asks the court to order defendants to provide all medical documents pertaining to the child's psychiatric evaluation that was performed sometime between August 12 and 20, 2003. Plaintiff notes that, on an unspecified date, a redacted inpatient report was provided to him. However, plaintiff states:

"As the court can clearly determine, references to the plaintiff's alleged mental health history were deleted. These deleted portions of the record primarily dealt with the plaintiff's alleged borderline schizophrenia, that he had a motor vehicle accident because of hallucination, and that plaintiff has bipolar behavior, but he was never treated. These false, slanderous allegations made by the child's mother add credence to plaintiff's initial claim that the child's mother had falsified the child's medical history and that the defendant's [sic] in turn had improperly diagnosed the child.

"This sort of malicious deceit perpetrated by the child's mother and evidently endorsed by the defendants, is ex-

actly the reason that the petitioner initially asked for the release of the medical records." (Plaintiff's complaint, September 8, 2005, ¶¶7 and 8.)

Plaintiff concludes that the release of the mental health records substantiates his claim that the child's mother "willfully, maliciously, and intentionally, falsified the minor child's medical background," which resulted in misdiagnosis of the child. (Plaintiff's complaint, ¶12.)

Defendants inform that on October 22, 2004, the Director of the Milton S. Hershey Medical Center's Child and Adolescent Psychiatry Unit determined that releasing the complete record to plaintiff was "reasonably likely to endanger the life or physical safety of certain individuals." (Defendants' preliminary objections, ¶2.) After plaintiff requested that the record be reviewed by another health care professional to determine whether its release was appropriate, a second Milton S. Hershey Medical Center psychiatrist, who did not participate in the original decision, reviewed the child's medical record and determined, on January 25, 2005, that release of the complete mental health record to plaintiff was inappropriate. (Defendants' preliminary objections, ¶3.) Subsequently, the Director of Child and Adolescent Psychiatry determined that it was appropriate to release redacted portions of the record to plaintiff.

Defendants present one issue via preliminary objection:

"Whether plaintiff has failed to state a legally cognizable claim against defendants where no legal authority exists permitting review of a mental health professional's determination that releasing mental health records may result in harm to others."

Defendants demur to plaintiff's complaint because the Mental Health Procedures Act, 50 P.S. §7101 et seq. and 55 Pa. Code §5100.33(e),[1] state that "a parent may be denied access to his child's mental health records if, in the judgment of the director of the facility, the disclosure of those records raises 'the possibility of substan-

---

1. So that the full import of subsection (e) may be realized, subsections (a) and (c) are also provided: 55 Pa. Code §5100.33, *Patient's access to records and control over release of records,* provides in relevant part:

"(a) When a client/patient, 14 years of age or older, understands the nature of documents to be released and the purpose of releasing them, he shall control release of his records. For a client who lacks this understanding, any person chosen by the patient may exercise this right if found by the director to be acting in the patient's best interest. In the event that the client/patient is deceased, control over release of records may be exercised by the client's/patient's chosen executor, administrator or other personal representative of his estate, or, if there is no chosen personal representative, by a person otherwise empowered by court order to exercise control over the records. In the event that the client/patient is less than 14 years of age or has been adjudicated legally incompetent, control over release of the client's/patient's records may be exercised by a parent or guardian of the client/patient respectively.

"(c) A person who has received or is receiving treatment may request access to his record, and shall be denied such access to limited portions of the record only:

"(1) Upon documentation by the treatment team leader, it is determined by the director that disclosure of specific information concerning treatment will constitute a substantial detriment to the patient's treatment.

"(2) When disclosure of specific information will reveal the identity of persons or breach the trust or confidentiality of persons who have provided information upon an agreement to maintain their confidentiality.

"(e) The limitations in subsections (c) are applicable to parents, guardians, and others who may control access over records as described in subsection (a) except that the possibility of substantial detriment to the parent, guardian, or other person may also be considered."

tial detriment to the parent, guardian, or other person .... ' " Defendants submit that, since there is no provision within the Pennsylvania Code that permits judicial, administrative, or other review of the determination that release of records may raise the possibility of substantial detriment to the parent, guardian, or other person, that determination is final and is not reviewable. Even if the determination were reviewable, defendants conclude that plaintiff fails to allege a violation of the established standard by which this determination is judged. Accordingly, defendants ask that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Pursuant to 23 Pa.C.S. §5309[2] [pertaining to custody of children and minors], plaintiff claims entitlement to the medical records of his minor child because he "has the child's best interests at heart and believes that the child was misdiagnosed by the defendants' [sic] as suffering from an emotional disorder." (Plaintiff's response, November 25, 2005, ¶7.) Plaintiff avers that the child's

---

2. 23 Pa.C.S. §5309 provides:

"(a) *General rule.* Except as provided in subsections (b) and (c), each parent shall be provided access to all the medical, dental, religious or school records of the child, the residence address of the child and of the other parent and any other information that the court deems necessary.

"(b) *Court determination not to release information.* The court, in its discretion, may determine not to release any part or parts of the information in this section but in doing so must state its reason for denial on the record.

"(c) *Nondisclosure of confidential information.* The court shall not order that the address of a shelter for battered spouses and their dependent children or otherwise confidential information of a domestic violence counselor be disclosed to the defendant or his counsel or any party to the proceedings."

mother falsified the minor child's medical history by implying that plaintiff has psychological problems. Upon review of the preliminary report [attached to plaintiff's complaint] and comparing the preliminary report with the "same preliminary report obtained by an independent source, the court can clearly determine that references to plaintiffs' [sic] alleged mental health history were deleted." (Plaintiff's response, ¶11.) Plaintiff alleges that defendants, in an attempt to avoid medical malpractice litigation, "are attempting to cover up the fact that they were deceived by the mother's falsified mental health history" concerning plaintiff and the minor child. (Plaintiff's brief, December 8, 2005, ¶¶3 and 4, page 1.)

Plaintiff contends that defendants diagnosed the minor child with an emotional disorder and that the misdiagnosis was provided to other health care providers, who subsequently treated the child with anti-psychotic medication. Plaintiff is concerned that the unspecified medication may increase depression and thoughts of suicide. (Plaintiff's brief, ¶¶7 and 8.)

Although defendants state that the release of the complete medical record is reasonably likely to endanger the life or physical safety of certain individuals, plaintiff seeks clarification of who defendants are protecting— the child or the child's mother. Based upon the information that plaintiff suggests is not included in the redacted medical records, plaintiff states that he wishes to have the child re-evaluated and that he intends, upon release from prison, to initiate custody proceedings against the child's mother. Plaintiff suggests that mother's "malicious conduct involving the child's medical history is a pertinent part of this future custody action." (Plaintiff's response, ¶19.)

Finally, plaintiff references [the Pennsylvania Drug and Alcohol Abuse Control Act,] 71 Pa.C.S. §1690.1[0]8(b)[3] to persuade that disclosure of the medical record may be ordered by this court after application is filed with good cause shown.

Pa.R.C.P. 1028(a) provides the basis for defendants' objection to the release of the minor child's medical record:

"Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

"(1) lack of jurisdiction . . . improper venue or improper form or service . . . ;

"(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

---

3. 71 Pa.C.S. §1690.108(b) provides: "All patient records (including all records relating to any commitment proceeding) prepared or obtained pursuant to this act, and all information contained therein, shall remain confidential, and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due the patient as a result of his drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient. Disclosure may be made for purposes unrelated to such treatment or benefits only upon an order of a court of common pleas after application showing good cause therefore. In determining whether there is good cause for disclosure, the court shall weigh the need for the information sought to be disclosed against the possible harm of disclosure to the person to whom such information pertains, the physician-patient relationship, and to the treatment services, and may condition disclosure of the information upon any appropriate safeguards. No such records or information may be used to initiate or substantiate criminal charges against a patient under any circumstances."

"(3) insufficient specificity in a pleading;

"(4) legal insufficiency of a pleading (demurrer);

"(5) lack of capacity to sue, nonjoinder or a necessary party or misjoinder of a cause of action;

"(6) pendency of a prior action of agreement for alternative dispute resolution;

"(7) failure to exercise or exhaust a statutory remedy; and

"(8) full, complete and adequate non-statutory remedy at law."

In this matter, defendants demur to plaintiff's complaint, pursuant to Pa.R.C.P. 1028(a)(4). "A demurrer is a preliminary objection that the pleadings fail to set forth a cause of action upon which relief can be granted under any theory of law." *Regal Industrial Corporation v. Crum and Forster Inc.,* 890 A.2d 395, 398 (Pa. Super. 2005).

*Bear v. Reformed Mennonite Church,* 462 Pa. 330, 333-34, 341 A.2d 105, 108 (1975) reiterates the standard for judging a demurrer:

"A demurrer admits as true all well-pleaded facts and all inferences reasonably deducible from them, but not any conclusions of law . . . . Only if upon the facts averred, the law says with certainty that no recovery is permitted, . . . will this court sustain the demurrer. Where a doubt exists as to whether a demurrer should be sustained, this should be resolved in favor of overruling it." (internal citations omitted)

Pursuant to *Bear, supra,* this court may sustain defendants' demurrer only upon a showing that the law clearly shows that plaintiff is not entitled to the relief requested. Although he cites the general rule within 23 Pa.C.S.

§5309, *supra* at footnote 2, to suggest that plaintiff, as parent of the minor child, is entitled to all of the child's medical records, we note that the rule clearly provides the court with authority not to release any part, or parts, of the requested information.

More compelling, however, is 55 Pa.Code §5100.33, *supra* at footnote 1, which states that the healthcare provider may deny a parent access to a patient's record or may control release of the record if the director determines that release of the information creates the "possibility of substantial detriment to the parent, guardian, or other person . . . ." Conspicuously absent from 55 Pa.Code §5100.33 is a provision for judicial review of the director's determination. Although plaintiff contends that the release of the minor child's mental health records substantiate his claim that Mother "willfully, maliciously, and intentionally falsified the minor child's medical background," which resulted in misdiagnosis of the child, (Plaintiff's complaint, ¶12), plaintiff fails to establish a violation of the aforementioned statute and fails to substantiate his claim.

Finally, a review of the redacted portions of the record and the second psychiatric inpatient evaluation fails to substantiate plaintiff's claim that minor child was misdiagnosed as a result of Mother's alleged slander and the alleged false reporting of the minor child's medical history.

Accordingly, we enter the following:

## ORDER

And now, January 9, 2006, upon consideration of defendants Blaine A. Kerr, PSHMC/COM Privacy Coor-

dinator, the Penn State Milton S. Hershey Medical Center's preliminary objection and supporting brief, plaintiff Ronald L. Williams II's response and opposition brief thereto, and upon review of the complaint, supporting documentation, and the applicable statutory and case law, it is hereby ordered that defendants' preliminary objection in the nature of a demurrer is sustained. Accordingly, plaintiff's complaint is dismissed with prejudice.