361 A.2d 799
**COMMONWEALTH of Pennsylvania**
v.
**James Jerome STERLING, Appellant.**

Superior Court of Pennsylvania.
June 28, 1976.

Xakellis, Perezous & Mongiovi, Michael J. Perezous, Lancaster, for appellant.

Robert A. Longo (submitted), Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

The sole meritorious issue in the instant appeal is whether the Commonwealth proved appellant's conscious dominion and control over a sizeable quantity of hashish, necessary to prove his possession of the controlled substance with the intent to deliver.

The facts relating to appellant's arrest are not in dispute. On May 21, 1973, United States Customs officials in New York City, using a dog specifically trained to sniff out narcotics, became suspicious that a package addressed to Mrs. Donald Farr, c/o Mr. and Mrs. James Sterling, R. D. 1, Lehoy Forest Drive, Leola, Pennsylvania, contained contraband. The Customs officials opened the package and found a pewter antique pitcher, sealed with wax. A test boring through the paraffin revealed that the pitcher contained a large quantity of hashish.

The Customs officials repackaged the pitcher and notified a Philadelphia Customs official, a Postal Inspector assigned to Philadelphia, and State Police located in Lancaster, that they were forwarding the pitcher. Before delivering the package, the State Police made another test boring to verify that the pitcher contained hashish and sprinkled the pitcher with fluorescent powder. The Postal Inspection then arranged with the rural postal carrier to attempt delivery of the package at appellant's home. At the same time, State Trooper Carl Harnish swore out a warrant authorizing a search of appellant's home.

Police set up a surveillance of appellant's residence as soon as the package was delivered at 3:30 p. m., on June 7, 1973. Appellant and his wife arrived at about

6:45 p. m., retrieved the package and several letters from the mailbox, and went into their home. Trooper Harnish waited approximately forty-five minutes before executing the search warrant.

Trooper Harnish found the package unopened in the kitchen. Appellant told the trooper that he had no knowledge of what was in the package. He did tell the trooper that he had recently received a postcard from friends who were vacationing in Holland; the postcard stated: "Hi y'all. Amsterdam hasn't changed a bit, Lots of young people here. Can't understand it. Keep your eye peeled for souvenirs, and we'll be seeing [you] in a couple of weeks." After the trooper seized the package, he asked appellant whether he had any other contraband in the house. Appellant retrieved from one of the bedrooms a plastic bag containing approximately 90 grams of marijuana. The officer then explained that he was not authorized by the warrant to search further and requested that appellant consent to a search of the house and his automobile. Appellant signed a consent form and permitted the search. That search netted some marijuana seeds, pipes used for smoking marijuana, and some "roaches," (marijuana cigarette "butts"). Concerning the package, appellant told the trooper that he suspected that it might contain drugs, but that he had no intention of opening it. Upon further investigation, the police estimated that the retail value of the hashish was about $9000.00.

Appellant was charged with three separate offenses under the Controlled Substance, Drug, Device and Cosmetic Act:[1] possession of marijuana, possession of marijuana with intent to deliver, and possession of hashish with intent to deliver. Appellant's trial by jury commenced on October 23, 1974. On October 25, the jury found appellant guilty of possession of marijuana and

1. Act of April 14, 1972, P.L. 233, No. 64, § 1 et seq., as amended, 35 P.S. § 780–101 et seq.

possession of hashish with intent to deliver. Appellant was sentenced to a term of imprisonment of six to eighteen months on the charge of possession with intent to deliver and to a term of thirty days' probation on the charge of possession of marijuana to be served concurrently with his jail term. The lower court denied appellant's post-trial motions on February 12, 1975. This appeal, challenging the conviction of possession of hashish with intent to deliver, followed.

Appellant concedes that he was properly convicted of the charge of possession of marijuana. However, he challenges the sufficiency of the Commonwealth's evidence on the charge of possession of hashish with intent to deliver.

"In determining whether the evidence is sufficient in law to prove that a defendant is guilty beyond a reasonable doubt of the crime or crimes charged, we must, after a verdict of guilty, accept as true all of the evidence, direct or circumstantial, and all *reasonable* inferences arising from the evidence, upon which the trier of facts could properly have based the verdict." *Commonwealth v. Fortune*, 456 Pa. 365, 367, 318 A.2d 327, 328 (1974). When possession of contraband is charged, the evidence must show not only that an accused had conscious dominion over the object; that is, the accused must have not only the power to exercise control, but also have an intent to exercise that power of control. *Commonwealth v. Fortune*, supra; *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Tirpak*, 441 Pa. 534, 277 A.2d 476 (1971); *Commonwealth v. Hannan*, 229 Pa.Super. 540, 331 A.2d 503 (1974).

We have frequently considered cases in which several people had equal access to contraband, thereby negating the inference that the accused possessed the contraband. For example, in *Fortune*, "no narcotic drugs were found

on the person of appellant. None were found anywhere else on the premises. Those that were found were not found in a place normally accessible only to a resident of a home. The drugs were found in plain view, strewn on the kitchen floor. Four persons were on the first floor and had more immediate access to the kitchen than did the appellant . . . . There is no evidence that the appellant had any knowledge of the presence of the drugs in her home prior to the arrival of the police." 456 Pa. at 369, 318 A.2d at 329. See also *Commonwealth v. Tirpak*, supra; *Commonwealth v. Schulhoff*, 218 Pa.Super. 209, 275 A.2d 835 (1971).

■ The instant case raises a slightly different version of the same problem as presented in *Fortune*: there is no question that appellant and his wife were in possession of the hashish. One of them carried the package into their residence;[2] the appellant directed the trooper to the package upon his request. There was no one else on the premises at the time of the search. The Commonwealth's evidence, however, did not prove that appellant had discovered the contents of the package and that he intended to exercise control over the hashish. The package was not addressed to the appellant, but only in care of appellant and his wife. He did not open the package to gain access to the secreted contraband. Cf. *Commonwealth v. DeWitt*, 226 Pa.Super. 372, 314 A.2d 27 (1973). Finally, the postcard from appellant's friends in Holland was totally consistent with the literal, innocent import of the words.

2. It is interesting to note that the Commonwealth made no effort to pursue prosecution of appellant's wife, despite the fact that all of the evidence admissible against appellant would also have been admissible against appellant's wife. During the search of the house, Trooper Harnish apparently advised appellant's wife that she would not be prosecuted: "Q. Did you mention or say anything to [appellant's wife] as to whether she would be prosecuted for possession?

"A. I think at that time we indicated that we would not. That would be more persecution than anything."

Absent some proof of appellant's conscious exercise of dominion over the hashish—not just exercise of dominion over the package or the pitcher—the evidence was insufficient to sustain a conviction under § 780–113(a)(30) of the Controlled Substance Act, *supra*. Therefore, we reverse and order appellant discharged on the charge of possession with intent to deliver hashish.

PRICE, J., files a Dissenting Opinion in which VAN der VOORT, J., joins.

PRICE, Judge (dissenting).

I dissent. The appellant was charged with three different violations of The Controlled Substance, Drug, Device and Cosmetic Act:[1] possession of marijuana, possession of marijuana with intent to deliver and possession of hashish with intent to deliver. Trial by jury resulted in a conviction on the charges of possession of marijuana and possession of hashish with intent to deliver. Post-trial motions in arrest of judgment and for a new trial were heard and denied, and appellant was subsequently sentenced. This appeal attacks only the conviction of possession of hashish with intent to deliver. The appellant contends that the Commonwealth's evidence was not sufficient to show knowing and deliberate control of or intent to distribute the drug involved. I disagree and would affirm the judgment of sentence below.

On May 21, 1973, United States Customs in New York City conducted a routine examination of a brown paper package. A customs agent, employing a canine specially trained to detect narcotics, determined that the package contained a controlled substance. The package, measuring 6 inches by 6 inches by 12 inches, was addressed from Mrs. Martha Cooper, 17 Hickory Street, Wellesley,

1. Act of April 14, 1972, P.L. 233, No. 64, § 1 (35 P.S. § 780–101) *et seq.*

Massachusetts 02181 to Mrs. Donald Farr, c/o Mr. and Mrs. James Sterling, R.D. 1, Lehoy Forest Drive, Leola, Pennsylvania. It had been sent from Amsterdam via air mail. After the package was opened and found to contain a pewter-type antique pitcher sealed with a yellow wax candle, a test boring was made through the paraffin and approximately two pounds of hashish was discovered inside.

The pitcher was subsequently re-packaged, placed in a shipping container sealed by rotary lock, and shipped via registered mail to Philadelphia. A customs official and a postal inspector in Philadelphia, as well as the Pennsylvania State Police in Lancaster, were informed of the imminent arrival of the package. Before attempting delivery of the package, the state police made another test boring, verified that the pitcher contained hashish, and sprinkled the pitcher with fluorescent powder. The postal inspector, working with the rural postal carrier, arranged for a controlled delivery to the appellant's residence on June 7, 1973. Delivery was attempted, but the appellant was not at home and the package was returned to the Leola Post Office at 12:40 p. m. the same day. State Trooper Carl Harnish obtained a warrant to search the premises occupied by the appellant and his wife. The affidavit upon which the warrant was issued contained, in addition to the details mentioned above, averments that there was no existing Massachusetts address matching the return address on the package and that there was no knowledge that Mrs. Donald Farr, the addressee, lived at the appellant's residence.

At approximately 3:30 p. m., surveillance of the appellant's residence commenced. The postal inspector placed the package in the appellant's outdoor mailbox, the door of which could not be closed due to the size of the package. At about 6:45 p. m. the appellant returned with his wife, stopped his car in the driveway, took the package as well as several envelopes from the mailbox, drove

the car to the end of the driveway and, with his wife, entered the house.

After deliberately waiting some forty-five minutes, Trooper Harnish, at 7:26 p. m., served the search warrant on appellant, who was sitting on the porch. Several minutes after the search had begun appellant turned over the package, which had been lying unopened in a corner of the kitchen. The appellant told Trooper Harnish that he had no knowledge of the contents, sender or addressee of the package. He did admit, however, that he had recently received a postcard from friends who were vacationing in Europe. The text of the card was "Hi y'all. Amsterdam hasn't changed a bit. Lots of young people here. Can't understand it. Keep your eye peeled for souvenirs, and we'll be seeing [you] in a couple of weeks." The card was signed "Gary and Jo." After the package was recovered, Trooper Harnish asked the appellant if any other drugs were in the house. Appellant entered one of the bedrooms and returned with a plastic bag containing approximately ninety grams of marijuana. At this point, the officer explained that no further search was authorized under the warrant, and he asked appellant to consent to a search of his house and automobile. Appellant signed a consent form, and the subsequent search yielded numerous marijuana seeds, several pipes used for smoking marijuana, and some "roaches" (marijuana cigarette butts). Appellant admitted ownership of the above items, but stated that he had nothing to do with the hashish being mailed to his house. He indicated that the reason he had not opened the package "was because I thought I knew what was inside."

At trial, the Commonwealth introduced the testimony of James Moss, a customs agent from Philadelphia, Clark C. Evans, a Philadelphia postal inspector, and Trooper Harnish. These three witnesses provided the previously-stated account of the events prior and subsequent to the

delivery of the package. The Commonwealth also adduced testimony that the reasonable street value of the two pounds of hashish contained in the package was $8,960.00. There is no dispute as to the facts involved in this appeal.

Appellant's first allegation of error is that the Commonwealth did not meet its burden of proving, beyond a reasonable doubt, that the appellant had "conscious dominion" over the contraband involved herein, as required in *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974). When examining a claim of insufficient evidence to convict, this court must accept "as true all of the evidence, be it direct or circumstantial or both, and all reasonable inferences arising therefrom, upon which, if believed, the jury could properly have based its verdict . . . ." *Commonwealth v. Williams*, 443 Pa. 85, 87, 277 A.2d 781, 783 (1971). Given a guilty verdict, we must view the evidence in the light most favorable to the Commonwealth and accord it every reasonable inference arising therefrom. *Commonwealth v. Shorter*, 434 Pa. 160, 252 A.2d 679 (1969).

In the instant case, the appellant's physical possession of the package containing hashish was established beyond dispute. He was observed removing the package from the mailbox and taking it into his house, where it was found. Evidence of appellant's conscious dominion over the hashish was provided by the mysterious postcard, which included the portentous words "[k]eep your eye peeled for souvenirs . . . ." Appellant admitted that "Gary and Jo" were his friends, and that Gary's wife "lived in relatively the same area in Massachusetts" as his own wife. The return address on the package, interestingly, is likewise in Massachusetts. As previously stated, the return address was non-existent and the appellant disclaimed any knowledge of a "Mrs. Donald Farr." Approximately ninety grams of marijuana, several pipes, usable in connection with either marijuana

or hashish, marijuana seeds and "roaches" were found in appellant's house and car. From these facts, the jury could have reasonably inferred that appellant received the hashish as the result of a pre-arranged transaction with the sender. The appellant's possession and admitted use of marijuana, along with other marijuana and hashish connected paraphernalia, supports a reasonable inference that he was a regular user of such drugs involved in drug-related activity. The jury could reasonably doubt that one party would send hashish valued at approximately $8,960.00 to another party without a pre-existing scheme or understanding. "While guilt may never rest on conjecture or surmise, a conviction may stand on circumstantial evidence. It is sufficient if the circumstances are consistent with criminal activity even though they might likewise be consistent with innocent behavior." *Commonwealth v. Moore*, 226 Pa.Super. 32, 34, 311 A.2d 704, 705 (1973). Based on the instant facts and reasonable inferences therefrom, the jury properly found appellant to have been intentionally exerting dominion over the hashish, and thus guilty of the possession offense.

The appellant testified that he had no prior knowledge that the hashish would be sent to him and that there had been no plan or agreement concerning such a transfer. Although he admitted smoking marijuana, appellant denied ever having smoked or otherwise come into contact with hashish. He likewise denied having sold or otherwise distributed either drug at any time. Several witnesses for the appellant testified to his reputation as an honest and law-abiding citizen. "The law is well settled that it is the exclusive province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded their testimony. . . . We will not disturb such a finding on appeal unless it is manifestly erroneous." *Commonwealth v. Garvin*, 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). *See also Commonwealth v. Mur-*

*ray*, 460 Pa. 604, 334 A.2d 255 (1975); *Commonwealth v. Hampton*, 462 Pa. 334, 341 A.2d 101 (1975). In the present case, the jury clearly credited the Commonwealth's evidence and disbelieved or gave less weight to the testimony of the appellant and his witnesses. I find no error in such a result.

Appellant's second contention is that there was insufficient evidence to convict him of possession [of hashish] with intent to deliver. It has been held that, in controlled substance cases, the quantity and value of the narcotic drug involved is admissible as circumstantial evidence of the intent with which it was possessed, and may support an inference of intent to distribute, in contrast with mere possession for personal use. *Commonwealth v. Santiago*, 462 Pa. 228, 340 A.2d 440 (1975). In the instant case, the appellant was in possession of two pounds of hashish worth approximately $8,960.00. Appellant testified that at the time of this incident, he was a student with a limited income and few financial resources. A jury's finding of intent to distribute on the part of appellant, under the aforementioned circumstances, is not manifestly erroneous or unreasonable. I would not disturb such a finding on appeal.

I would affirm the judgment of sentence.

VAN der VOORT, J., joins in this dissenting opinion.