412 A.2d 535

**COMMONWEALTH of Pennsylvania**

v.

**Robert D. RAMBO, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1980.

Decided March 20, 1980.

Arthur L. Gutkin, Lafayette Hill, Walter McDonough, Ardmore, for appellant.

Ronald T. Williamson, Asst. Dist. Atty., Joseph A. Smyth, Mary M. Killinger, Norristown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Robert D. Rambo was tried by a jury and found guilty of possession with intent to deliver hashish, a Schedule I controlled substance, in violation of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, § 13, as amended, 35 P.S. § 780–113(a)(30) (1977). Post-trial motions for new trial and in arrest of judgment, and a supplemental motion for a new trial, were denied. Appellant was sentenced to serve one to three years imprisonment and to pay a $1,000 fine and costs of prosecution. The Superior Court affirmed the judgment of sentence, *Commonwealth v. Rambo*, 250 Pa.Super. 314, 378 A.2d 953 (1977) (Hoffman, J., dissenting, joined by Jacobs and Spaeth, JJ.).

It is well established that "[i]n determining whether the evidence is sufficient in law to prove that a defendant is guilty beyond a reasonable doubt of the crime or crimes charged, we must, after a verdict of guilty, accept as true all

of the evidence, direct or circumstantial, and all *reasonable* inferences arising from the evidence, upon which the trier of facts could properly have based the verdict." (Emphasis in original), *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974); *Commonwealth v. Malone*, 444 Pa. 397, 281 A.2d 866 (1971). A conviction cannot be based upon mere conjecture or surmise. *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972). We agree with appellant that the evidence adduced at trial and the reasonable inferences arising from that evidence fall far short of establishing appellant's guilt beyond a reasonable doubt and that the conviction here is based only upon conjecture. Appellant must, therefore, be discharged.[1]

At trial the evidence disclosed that on July 1, 1974, a United States Postal Inspector initiated an investigation with respect to two parcels which were mailed to this country from Tangiers, Morocco. One of the packages was addressed to Robert Rambo at English Village Apartments, Building Number 8, Apartment A–6, North Wales, Pa. 19454, and the other was addressed to Mrs. P. Krammer, English Village Apartments, Building Number 8, Apartment R.D., North Wales, Pa.[2] Both packages had been intercepted in New York by the United States Bureau of Customs after a routine inspection revealed that the packages contained over ten pounds of hashish. A "controlled delivery" of the packages was arranged for July 6, 1976.

On that date an agent of the Pennsylvania Bureau of Narcotics obtained a search warrant for appellant's apartment, and a special mail carrier delivered both packages to appellant. Appellant accepted the packages and signed a receipt for each one. Appellant placed the packages on the floor of his apartment without opening them, and left the apartment. Forty-five minutes later, the Narcotics Bureau

1. Appellant raises two other claims. Appellant contends that there was a Pa.R.Crim.P. 1100 violation, and that a new trial should have been granted on the basis of after-discovered evidence. In view of our disposition, we need not decide these issues.

2. Mrs. Krammer is the girlfriend of Donald Rambo, the sender of the packages. Donald Rambo is the brother of appellant.

agent, with the search warrant, entered the unoccupied apartment and seized the packages. The police left a note for appellant informing him of the search and asking him to report to the police station. Upon arrival at the police station, appellant was arrested for possession with intent to deliver a controlled substance.

Appellant contends that the evidence presented at trial, and all reasonable inferences arising therefrom, did not establish beyond a reasonable doubt that appellant knew that there was hashish in the packages. Such knowledge is required by statute and our case law in order to prove possession of a controlled substance. Section 780–113(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act makes unlawful:

> "[e]xcept as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."

Section 301 of the Crimes Code, Act of December 6, 1972, P.L. 1482, § 1, 18 Pa.C.S. § 301, defines possession as:

> "an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." [3]

Our cases have construed this "knowledge" or "awareness" element as the exercise of conscious dominion or control over the controlled substance. In *Commonwealth v. Fortune*, supra, this Court held "[w]hen the illegal possession of contraband is charged, the evidence must establish that the appellant had a conscious dominion over the contra-

---

3. This definition is made applicable to the Controlled Substance, Drug, Device and Cosmetic Act, supra, by The Crimes Code, supra; 18 Pa.C.S. § 107(a) which provides:

> "(a) The provisions of Part I of this title (relating to preliminary provisions) are applicable to offenses defined by this title or by any other statute."

band," 456 Pa. at 368, 318 A.2d at 328. The requirement of a showing of an intent to control consistently appears in this Commonwealth's possession cases. See, e. g., *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973) (insufficient evidence to support conviction for unlawful possession of firearm, where gun found in car after appellant and driver told to get out of car); *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971) (insufficient evidence of conscious control or dominion over stolen goods where goods found in locked cupboard with key in possession of appellant's mistress); *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971) (drug possession conviction reversed for insufficient evidence of constructive possession where appellants at "pot party" had no drugs on their person and were not observed using drugs). The requirement of knowledge has also been recognized with approval by commentators:

> "For legal purposes other than criminal law—e. g., the law of finders—one may possess something without knowing of its existence, but possession in a criminal statute is usually construed to mean conscious possession. So construed, knowingly receiving an item or retention after awareness of control over it could be considered a sufficient act or omission to serve as the proper basis for a crime."

W. LaFave & A. Scott, Jr., Handbook on Criminal Law § 25, p. 182 (1972) (footnotes omitted).

In a case virtually identical on its facts to the case before us, the Superior Court held "[w]hen possession of contraband is charged, the evidence must show not only that an accused had conscious dominion over the object; that is, the accused must have not only the power to exercise control, but also have an intent to exercise that power of control." *Commonwealth v. Sterling*, 241 Pa.Super. 411, 415, 361 A.2d 799, 801 (1976). There, a controlled delivery was arranged of a package containing a pitcher concealing a large quantity of hashish, addressed to Mrs. Donald Farr, in care of the defendant and his wife. When the police searched the apartment pursuant to a warrant they found the package

unopened. Except for an ambiguous postcard sent earlier by the sender of the package promising "souvenirs," there was no evidence that the defendant knew what was inside the package. The defendant's conviction for possession with intent to deliver was reversed on the ground that there was insufficient evidence of a conscious exercise of dominion over the controlled substance. The court stated that "[a]bsent some proof of appellant's conscious exercise of dominion over the hashish—not just exercise of dominion over the package or the pitcher—the evidence was insufficient to sustain a conviction under § 780–113(a)(30) of the Controlled Substance Act."

The Superior Court majority concluded that a jury could reasonably infer that appellant was expecting the packages, that he would open them, and that he expected them to contain hashish based only on the following facts: (1) appellant signed for the packages, (2) one of the packages was addressed to him, (3) he had received pottery from his brother on at least two prior occasions, and (4) he had visited his brother in Morocco two months earlier while travelling in Europe. We do not believe this evidence could reasonably support an inference of appellant's knowledge sufficient to sustain a finding of guilt beyond a reasonable doubt. We agree with the dissenting judges in the Superior Court that the *Sterling* holding is manifestly correct and should be followed here. Similarly, we fail to see a basis for the Superior Court majority's conclusion that the facts of the present case and those of *Sterling* are "distinguishable in several important ways," mandating a contrary result.[4]

At trial appellant provided no inculpatory testimony. Rather, appellant testified that he and his brother had arranged for appellant to accept deliveries of pottery, antiques and tapestry. Appellant testified he never knew that his brother was involved in drugs until after appellant's arrest and that he did not discuss the presence of drugs in the pottery with his brother until several days after his arrest. Assuming, as we must, that this testimony was

4. 250 Pa.Super. at 319, 378 A.2d at 956.

disbelieved by the jury, still all the evidence presented by the Commonwealth was insufficient to support a conviction. Indeed, the Commonwealth presented no evidence that prior packages received by appellant from his brother contained contraband, or that drugs were ever discussed by appellant and his brother during their visit. Nor was there any other evidence which would establish, beyond a reasonable doubt, that appellant knew the packages contained hashish. In light of the statutory provisions requiring knowledge and the holdings of *Commonwealth v. Fortune* and *Commonwealth v. Sterling*, supra, the judgment of sentence must be reversed and appellant discharged.