447 A.2d 279

**Robert D. RAMBO, Appellant,**

v.

**COMMISSIONER OF POLICE.**

Superior Court of Pennsylvania.

Argued Nov. 5, 1981.

Filed June 25, 1982.

Arthur L. Gutkin, King of Prussia, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, submitted a brief on behalf of appellee.

Before SPAETH, BECK and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's petition to expunge his arrest record. We reverse.

Appellant was arrested and tried for possession with intent to deliver a controlled substance, in violation of the

Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(30). The facts giving rise to the arrest were as follows. Appellant signed and accepted delivery at his apartment of two packages. He left the packages unopened on the floor of his apartment and went out. During his absence, police entered his apartment and seized the packages, which they knew from a prior investigation contained hashish. Appellant was arrested when he reported to the police in response to a note left by them at his apartment.

Appellant was tried before a jury and found guilty of possession with intent to deliver the hashish, and was sentenced to three years imprisonment. He appealed the judgment of sentence to this court, arguing, among other issues, that the evidence was insufficient. A majority of this court affirmed. *Commonwealth v. Rambo*, 250 Pa.Superior Ct. 314, 378 A.2d 953 (1977). However, three judges, HOFFMAN, J., joined by JACOBS, and SPAETH, JJ., dissented, saying:

> The Commonwealth's evidence did not establish that appellant had discovered the contents of the package or that he intended to exercise control over the hashish. He did not open the package to discover the concealed contraband; he merely placed the unopened packages on the floor and left the apartment. In short, appellant performed no act which demonstrated an intent to exercise conscious dominion and control over the contents of the package.

*Id.*, 250 Pa.Superior Ct. at 329, 378 A.2d at 961.

The Supreme Court granted appellant's petition for allocatur, and, in a unanimous opinion, reversed. *Commonwealth v. Rambo*, 488 Pa. 334, 412 A.2d 535 (1980). The Court said that the evidence "f[e]ll far short of establishing appellant's guilt beyond a reasonable doubt", and that "the conviction here is based only upon conjecture." *Id.*, 488 Pa. at 336, 412 A.2d at 536. The Court explained:

> At trial appellant provided no inculpatory testimony. Rather, appellant testified that he and his brother had arranged for appellant to accept deliveries of pottery,

antiques and tapestry. Appellant testified he never knew that his brother was involved in drugs until after appellant's arrest and that he did not discuss the presence of drugs in the pottery with his brother until several days after his arrest. Assuming, as we must, that this testimony was disbelieved by the jury, still all the evidence presented by the Commonwealth was insufficient to support a conviction. Indeed, the Commonwealth presented no evidence that prior packages received by appellant from his brother contained contraband, or that drugs were ever discussed by appellant and his brother during their visit. Nor was there any other evidence which would establish, beyond a reasonable doubt, that appellant knew the packages contained hashish. In light of the statutory provisions requiring knowledge and the holdings of *Commonwealth v. Fortune,* [456 Pa. 365, 318 A.2d 327 (1974)], and *Commonwealth v. Sterling,* [241 Pa.Superior Ct. 411, 361 A.2d 799 (1976)], the judgment of sentence must be reversed and appellant discharged.

*Id.,* 488 Pa. at 339–340, 412 A.2d at 538.

His conviction having been overturned, appellant petitioned the lower court to have his arrest record expunged. The lower court denied the petition, discounting the Supreme Court's decision by saying, "Such a miracle result for the defendant is not a compelling reason to expunge the record and encourage the sale of drugs without safeguarding the public from a repeat of defendant's drug pushing activities." Slip op. at 7. The court continued:

When examining the strength of the Commonwealth's evidence of petitioner's guilt, the Court did not consider appellant's discharge to be equivalent to a jury's acquittal. According to a twelve person jury, the trial Court, and a majority of the Superior Court, the Commonwealth did not fail in its proof of appellant's guilt.

*Id.*

This reasoning is unacceptable.

In the first place, the lower court's reasoning implies that the weight of judicial opinion is against appellant. The fact

is otherwise. Although five judges (the trial judge and four judges of this court), considered the evidence sufficient, nine (three judges of this court and six of the Supreme Court) considered it conjectural.

Beyond this, and a much more fundamental error, is the fact that the lower court's reasoning fails to comprehend, or ignores, the significance of the Supreme Court's decision. Neither this court nor any lower court may dismiss a Supreme Court decision as a "miracle result." The orderly administration of justice would become impossible if the decisions of the court of last resort could be thus ignored. This is particularly so in a criminal case, for then to ignore a decision of the court of last resort is contrary not only to the hierarchy of judicial authority but to the presumption of innocence, which our criminal justice system extends to everyone. Neither the lower court nor this court is entitled to cleave to a personal belief in appellant's guilt. It is beside the point that a jury and any number of trial and intermediate appellate court judges thought appellant guilty. The Supreme Court has decided otherwise. The significance of its decision is not that appellant is guilty, and the Commonwealth could not prove it, as the lower court seems to think. Rather, it is that appellant is *innocent.*

Finally, the lower court's reasoning is contrary to the principles that we have established for deciding expunction cases.

In an expunction case in which the prosecution was terminated for reasons related to the innocence of the accused, the Commonwealth has the burden of showing a compelling reason why an arrest record should be retained. *Compare, Commonwealth v. Rose,* 263 Pa.Superior Ct. 349, 397 A.2d 1243 (1979) (Commonwealth has burden where accused acquitted before justice of the peace), *with Commonwealth v. Mueller,* 258 Pa.Superior Ct. 219, 392 A.2d 763 (1978) (accused has burden where discharged for Rule 1100 violation). In *Commonwealth v. Capone,* 282 Pa.Superior Ct. 458, 461, 422 A.2d 1383, 1385 (1980), where the appellant had been acquitted by a jury, we said:

It is not disputed that appellant was acquitted by a jury as opposed to being discharged as a result of a procedural irregularity. One of the basic tenets of our system of criminal justice is that the accused is innocent until proven guilty beyond a reasonable doubt. We, therefore, refuse to impose upon the appellant the burden of proving his innocence subsequent to acquittal by requiring him to show nonculpability in an expungement hearing.

These cases are controlling here. It is of course true, as both the Commonwealth and the lower court emphasize, that appellant was not acquitted by a jury, but that fact is of no importance. The Supreme Court has decided that he *should* have been acquitted.

■ In order to decide whether the Commonwealth has met its burden of showing a compelling reason why an arrest record should be retained, the Commonwealth's interest in retention must be balanced against the individual's interest in expunction. In *Commonwealth v. Briley*, 278 Pa.Superior Ct. 363, 420 A.2d 582 (1980), we said:

> Whether in a particular case justice does compel expungement is determined by balancing the individual's interest in the expungement of his arrest record against the Commonwealth's interest in retaining the record. This balancing, in turn, involves consideration of such factors as the strength of the Commonwealth's evidence of the individual's guilt, the Commonwealth's reasons for wishing to retain the arrest record, the type and seriousness of the offense, the individual's age at the time of the arrest, his employment history, whether he has any other criminal record, whether he has a history of drug or alcohol abuse, his stability in the community, the length of time that has elapsed between the arrest and the petition to expunge, and the adverse consequences the petitioner may suffer should expungement be denied. *Commonwealth v. Iacino*, 270 Pa.Super. 350, 411 A.2d 754 (1979) (concurring opinion by SPAETH, J., joined by CERCONE, P. J.).

*Id.*, 276 Pa.Superior Ct. at 367, 420 A.2d at 585.

■ Here the record shows that appellant has a considerable interest in having his record expunged. He is—or was at the time of the expunction hearing—32 years old, and has two children. At the hearing he testified that his arrest caused him to lose his job, and also caused him and his family emotional upset and humiliation. N.T. 8/12/80, 20–21. Although he has found other employment, as a sales manager of a security equipment firm, it appears that his employer did not inquire about his arrest record, and that appellant is apprehensive that he may lose his job if his employer learns of his record.[1]

The Commonwealth argues that it has an interest "in discouraging the sale of drugs in order to protect the public." Brief for Appellee at 6. This argument, like the lower court's opinion, begs the question. It assumes that appellant was engaged in the sale of drugs, and ignores the fact that appellant has been vindicated. "Punishment of the innocent is the clearest denial of life, liberty and property without due process of law." *Commonwealth v. Malone*, 244 Pa.Superior Ct. 62, 366 A.2d 584 (1976) (lower court ordered to hold expunction hearing). We find no compelling reason why the Commonwealth should retain appellant's arrest record. *Commonwealth v. Hill, supra; Commonwealth v. Rose, supra; Commonwealth v. Malone, supra.*

1. It is also in order to note in considering the equities of the case, that one of the issues argued by appellant on his appeal to this court was that the lower court erred in refusing his motion for a new trial based on after-discovered evidence. The evidence in question was the proposed testimony of appellant's brother regarding appellant's lack of knowledge of the contents of the two packages. Appellant argued that at the time of his trial, his brother was out of the country and unwilling to testify. In affirming appellant's conviction, a majority of this court said that "[t]he rule on after-discovered evidence does not apply to evidence which is *difficult* to obtain but only to evidence which is actually not discovered until after trial." 250 Superior Ct. at 326, 378 A.2d at 959. Since the Supreme Court found the evidence at trial insufficient, it did not need to consider this issue. 488 Pa. at 336 n. 1, 412 A.2d at 536 n. 1. It is thus apparent from the record, not only that appellant was convicted on insufficient evidence, but that he was unable to offer his brother's testimony in corroboration of his own, that it was his brother, not he, who was involved in drugs and knew that drugs were in the pottery delivered to the apartment.

Reversed and remanded with instructions to expunge appellant's record.