458 A.2d 999

**COMMONWEALTH of Pennsylvania**

**v.**

**Bruce ASBURY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 1983.

Filed April 8, 1983.

Terrence P. Cavanaugh, Erie, for appellant.

James R. Dailey, Erie, for Commonwealth, appellee.

Before CERCONE, President Judge, and POPOVICH and VAN der VOORT, JJ.

CERCONE, President Judge:

Appellant, Bruce Asbury takes this direct appeal from the judgment of sentence imposed by the Court of Common Pleas of Erie County on December 29, 1981 following his conviction by a jury of three (3) counts of possession of a controlled substance [1] and three (3) counts of possession with intent to deliver a controlled substance.[2] Appellant now asserts that the Commonwealth failed to adduce sufficient evidence to prove that he possessed the Schedule IV drugs,[3] Prazepam and Chlordiacepoxide, with the intent to deliver them to another party. We agree.

The facts and procedural history relevant to the case *sub judice* are as follows: On January 7, 1981, two inmates housed in Cell Number Seven, in a section of the Erie County Prison known as the B Range, were taken to a local hospital for treatment of illnesses which were subsequently diagnosed as drug overdoses. Endeavoring to arrest the use of illicit drugs by inmates, prison officials ordered guards to conduct a cell-by-cell search of the B Range and its occupants for contraband. During the course of this investigatory "shakedown," Officers Ken Brown and David Kelly inspected Cell Number Six which was occupied by appellant and his cellmate, Charles Toliver. Discovering no contraband in the cell itself, the guards then subjected appellant and Toliver to a strip search. An inspection of appellant's clothing yielded a small tobacco tin secreted in

1. Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233 No. 64 (hereinafter referred to as "the Act") § 13(a)(16), as amended 35 P.S. § 780–113(a)(16) (Supp.1982–1983).

2. *Id.* at § 13(a)(30), 35 P.S. § 780–113(a)(30).

3. *Id.* at § 104(4), 35 P.S. § 780–104(4).

the heel of appellant's left tennis shoe which he was wearing immediately prior to the search. The tin contained one hundred seven (107) pills, three of which were conspicuously labelled as aspirin. Analysis performed on the remaining pills by the Pennsylvania State Police Crimes Laboratory established that thirty-two (32) of the seized tablets constituted controlled substances under Schedule IV of the Act.

As a consequence of the discovery of these prohibited substances in appellant's shoe, appellant was charged by information with: (1) possession with intent to deliver one (1) capsule of Flurazepam; (2) possession with intent to deliver seventeen (17) capsules of Chlordiacepoxide; (3) possession with intent to deliver fourteen (14) capsules of Prazepam; (4) possession of Flurazepam; (5) possession of Chlordiacepoxide; and (6) possession of Prazepam. Appellant proceeded to a trial by jury on May 20, 1981 and, on that same afternoon, was found guilty of all charges.

Appellant's post-verdict motions were filed on May 28, 1981. Following oral argument on these motions, the lower court issued an order, dated December 3, 1981, arresting judgment with respect to appellant's conviction under Count One of the information for possession with intent to deliver one capsule of Flurazepam, but denying the requested relief as to Counts Two through Six.

On December 29, 1981, appellant was sentenced to concurrent terms of one and one-half (1½) to three (3) years incarceration for his convictions under Counts Two and Three of possession with intent to deliver Chlordiacepoxide and Prazepam. For his remaining convictions of simple possession of Flurazepam, Chlordiacepoxide, and Prazepam under Counts Four through Six, he was sentenced to three terms of imprisonment, each of a duration of six (6) to twelve (12) months, and each to be served concurrently to those sentences prescribed under Counts Two and Three. Motions to Modify and Reconsider Sentence were filed, argued and ultimately denied by the lower court on January 21, 1982.

■ As always, in measuring the sufficiency of evidence forming the basis of a criminal conviction, the reviewing court must inquire whether—accepting as true all the evidence upon which a jury could properly have based its verdict, together with all reasonable inferences therefrom—such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Waller,* 498 Pa. 33, 444 A.2d 653 (1982); *Commonwealth v. Gray,* 297 Pa.Superior Ct. 123, 443 A.2d 330 (1982). The evidence, of necessity, is to be viewed in the light most favorable to the Commonwealth, the verdict winner. *Commonwealth v. Edwards,* 493 Pa. 281, 426 A.2d 550 (1981); and *Commonwealth v. Johnson,* 273 Pa.Superior Ct. 14, 416 A.2d 1065 (1979). Oft-cited, however, is the principle that "[a]lthough the Commonwealth does not have to establish guilt to a mathematical certainty, guilt must be proven and may not rest on mere suspicion and surmise." *Commonwealth v. Rodriguez,* 296 Pa.Superior Ct. 349, 351, 442 A.2d 803, 804 (1982). *See* also *Commonwealth v. Roscioli,* 454 Pa. 59, 62, 309 A.2d 396, 398 (1973); and *Commonwealth v. Reed,* 276 Pa.Superior Ct. 467, 469, 419 A.2d 552, 553–554 (1980). Our review of the evidence commensurate with these fundamental precepts leads us to conclude that the Commonwealth failed to prove beyond a reasonable doubt that appellant possessed fourteen (14) Prazepam tablets and seventeen (17) Chlordiacepoxide tablets with the concomitant intent to deliver them to others.

■ Appellant's convictions for possession with intent to deliver controlled substances rest entirely upon evidence that (a) two inmates housed in Cell Number Seven of the Erie County Prison were treated for drug overdoses on January 7, 1981; (b) a "shakedown" operation conducted by prison guards on the same afternoon, which included Appellant's Cell Number Six, resulted in the discovery of a tobacco tin hidden in appellant's shoe that contained 107 capsules of drugs, only 32 of which qualify as Schedule IV controlled substances; (c) appellant's cellmate, Charles Toliver, appeared "drowsy" to investigating officer Brown,

and was later found to have consumed a relatively large dosage of an unnamed drug. Although these facts are certainly *relevant* to the question of whether appellant was the supplier from whom Toliver and the two hospitalized inmates procured their drugs, they are, standing alone, insufficient as a matter of law to *prove* that appellant possessed the Prazepam and Chlordiacepoxide capsules with a concurrent intent to distribute them.

In its Opinion, the lower court lends considerable weight to the quantity of the pills found in the tobacco tin, positing that the mere possession of thirty two pills is reflective of an intent to deliver. We cannot concur in this judgment. It is true that in previous cases, our Courts have ruled that the possession of large amounts of illicit drugs, under certain circumstances, may justifiably suggest an inference of an intent to deliver. However, these cases are factually distinguishable from the case at bar insofar as they upheld convictions which were grounded upon the possession of quantities of drugs far in excess of that possessed by the instant appellant.[4] Expert testimony on the matter of whether possession of thirty-two dosage units of a prohibited substance is consistent with personal use or is reflective of an intent to deliver would have proved helpful. However, the Commonwealth declined to afford such a benefit, and in the absence of such testimony, we are unable to conclude that it was reasonable to infer an intent to deliver on the part of appellant merely by virtue of his possession of such a small quantity of drugs. Moreover, we regard as equally untenable the position adopted by the lower court that appellant's lawful possession of over seventy capsules

4. *See* e.g. *Commonwealth v. Chamberlain,* 277 Pa.Superior Ct. 503, 419 A.2d 1261 (1980) (nine pounds of marijuana); *Commonwealth v. Rambo,* 250 Pa.Superior Ct. 314, 378 A.2d 953 (1977), *reversed on other grounds,* 488 Pa. 334, 412 A.2d 535 (1980) (over ten pounds of hashish having a street value of $15,000); *Commonwealth v. Harris,* 241 Pa.Superior Ct. 7, 359 A.2d 407 (1976) (sixteen half-spoons of heroin, two measuring spoons and a small scale); *Commonwealth v. Wright,* 234 Pa.Superior Ct. 83, 339 A.2d 103 (1975) (twenty-five packets of heroin).

of a prescribed drug, when viewed in conjunction with his unlawful possession of Prazepam and Chordiacepoxide, gives rise to an inference of an intent to deliver. Without the assistance of testimony which tends to prove some nexus between the possession of the prescription drug, the possession of the controlled substances, and a resulting intent to distribute the controlled substances, we accord no persuasive force to appellant's possession of the prescription drugs which, to our knowledge, were never identified at trial.

The lower court also regards as persuasive the fact that three inmates in the B Range, including appellant's cellmate, required medical treatment for drug-related illnesses on the same day that prison guards discovered in appellant's shoe the tobacco tin containing illicit drugs. We disagree since the record discloses that the Commonwealth made no attempt at trial to link appellant's possession of the contraband with the inmate overdose cases. Moreover, assuming *arguendo* that these facts, taken together, suggest that at some point in the past appellant may have delivered controlled substances to other prisoners, they can in no way be said to reflect an intent to deliver relative to the particular drug capsules seized by prison authorities from the tobacco tin. The inference that appellant intended to deliver these drugs, under the circumstances cited by the lower court, does not fairly spring from the evidence at trial but rather is the product of an exercise in speculation.

Because we find that the Commonwealth's case with respect to the charge of possession with intent to deliver falls far short of the quantum of proof required to sustain such a conviction, the judgment of sentence entered for Counts Two and Three is reversed and appellant discharged with judgment of sentence affirmed as to Counts Four through Six.

Reversed and appellant discharged as to Counts Two and Three. Jurisdiction relinquished.