## Commonwealth v. Donner

*Miles K. Karson,* assistant district attorney, for the Commonwealth.

*Joseph P. Valentino,* for defendant.

STRANAHAN, *P.J.,* June 20, 1984—Following a jury trial on December 15, 1983, defendant was convicted of possession of a controlled substance with intent to manufacture or deliver.* Defendant has filed motions in arrest of judgment and for a new trial alleging, among other things, that the evidence at trial was insufficient as a matter of law to prove unlawful possession of a controlled substance with intent to deliver beyond a reasonable doubt. We agree, and therefore grant the motion in arrest of judgment.

Defendant's automobile was stopped by two Greenville police officers after the officers had received a radio dispatch on an armed robbery in which the suspect's appearance was described in a manner similar to that of defendant. The subsequent search of the defendant's car uncovered 52

---

*35 P.S. §780-113(a)(30).

grams of marijuana and 16.94 grams of cocaine. The marijuana was contained in three small baggies while the cocaine was found in a clear plastic bag containing four small packets. Two packets of cigarette rolling papers were on the front seat. The glove compartment contained $2,650 in cash and an address book.

In determining the sufficiency of the evidence, the court must accept as true all of the evidence whether it is direct or circumstantial, and all the reasonable inferences arising therefrom upon which, if believed, the jury could properly have based its verdict. If this evidence is not sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crime of which he has been convicted, the motion to arrest judgment must be granted. Commonwealth v. Malone, 444 Pa. 397, 281 A.2d 866 (1971).

In order to sustain the conviction in the present case, the evidence must be sufficient to establish both possession and the inference of intent to manufacture or deliver. While the evidence here proves beyond a reasonable doubt that defendant was in possession of a controlled substance, there is not sufficient evidence to support an inference that defendant intended to sell the drugs.

Among the factors to be considered in determining whether the evidence warranted the inference of possession with intent to deliver are the quantity of drugs, their street value, the manner of packaging and the presence of paraphernalia used in drug trafficking. Commonwealth v. Bagley, 296 Pa. Super. 43, 442 A.2d 287 (1982).

Some courts have found sufficient evidence to support an inference of intent to deliver based upon the quantity of drugs alone. Commonwealth v. Santiago, 462 Pa. 216, 340 A.2d 440 (1975); Com-

monwealth v. Harris, 241 Pa. Super. 7, 359 A.2d 407 (1976). However, in these cases, the quantity was such that only a person in the business of selling drugs would have such a large amount at one time. Where, as here, a smaller amount of drugs is involved, the court must look at the presence or absence of other factors.

Defendant in the present case had 52 grams of marijuana and 16.94 grams of cocaine. The only paraphernalia found in the automobile were cigarette rolling papers, which are more consistent with drug use than with drug sales. There was no evidence of drug sale activity prior to the search nor was there evidence pertaining to the street value of the contraband. While Officer Fedorczyk testified that he believed defendant was a dealer because of the amount of cash found in the glove compartment along with an address book and because of the manner in which the drugs were packaged, he also testified that the manner of packaging was consistent with the amount purchased for personal use.

In Commonwealth v. Bagley, supra, defendant was convicted of possession of a controlled substance and possession with the intent to deliver a controlled substance. The Superior Court held that 11 glassine bags of heroin containing a total of 15.3 grams was insufficient to support the conviction of possession with intent to deliver. Reviewing case law, the court reasoned that while convictions have been sustained based upon quantity alone, where, as here, a smaller quantity of drugs are involved, there must be further evidence of intent to deliver. The court pointed out that the Commonwealth failed to produce evidence as to what quantity of heroin would be consistent with personal needs and what quantity would be consistent with delivery for

sale. Absent an obviously large amount of drugs or expert testimony as to whether the amount was more than likely held for sale, the court held that the mere manner of packaging did not support an inference of possession with intent to deliver.

Similarly, in Commonwealth v. Asbury, 312 Pa. Super. 357, 458 A.2d 999 (1983), the court found that 32 pills of a controlled substance were insufficient to sustain convictions of possession with intent to deliver controlled substances. Admitting that courts have ruled that possession of large amounts of illicit drugs may justifiably suggest an inference of an intent to deliver under certain circumstances, the court distinguished them by stating that those cases involved possession of drugs in quantitites far in excess of the 32 pills there. The court then went on to state:

"Expert tesimony on the matter whether possession of thirty-two dosage units of a prohibited substance is consistent with personal use or is reflective of an intent to deliver would have proved helpful. However, the Commonwealth declined to afford such a benefit, and in the absence of such testimony, we are unable to conclude that it was reasonable to infer an intent to deliver on the part of appellant merely by virtue of his possession of such a small quantity of drugs." Id. at A.2d 1001.

The court concluded that without the assistance of testimony which tends to establish some connection between possession of the controlled substance and an intent to distribute that substance an inference that there was intent would be "the product of an exercise in speculation." Id. at A.2d 1002.

In the present case, there was a total absence of testimony concerning whether the amount of drugs

found in defendant's automobile was more than likely held for sale rather than personal use. Nor was there any evidence concerning the street value of the drugs. The jury could only speculate what the drugs' value was and whether they were held for sale or personal use.

The Commonwealth argues that the presence of a large sum of cash and the address book support the inference that there was an intent to deliver the drugs. Evidentiary inferences are constitutionally infirm unless the fact to be inferred is "more likely than not to flow from the proved fact on which it is made to depend." Turner v. United States, 396 U.S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610 (1970). The cash and the address book are not facts from which it flows that it is more likely than not that the defendant possessed the controlled substance with the intent to deliver. The Commonwealth presented no evidence that the addresses in the book were those of known drug dealers or users nor did they present evidence that it was unlikely for defendant to have $2,650 in cash unless it was from dealing drugs.

Absent any evidence from which it could be inferred that defendant intended to sell the drugs, the jury's verdict could only be the result of speculation and, therefore, the evidence was insufficient at law to support the verdict of guilty.

## ORDER

And now, June 20, 1984, this court finding that the evidence at trial was insufficient as a matter of law to prove unlawful possession of a controlled substance with intent to deliver or manufacture, defendant's motion in arrest of judgment is hereby granted.